IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

2007 SEP -4  A  9: 52

KAY WATSON                    )
         PLAINTIFF            )        DEBRA P. HACKETT, CLK
                             )         U.S. DISTRICT COURT
                             )         MIDDLE DISTRICT ALA
VS.                          )         CIVIL ACTION FILE
                             )
ALABAMA BOARD OF PARDONS      )        NO. 2:07-CV-794-MHt
AND PAROLES and CYNTHIA       )
S. DILLARD, Executive Director, )
in her official capacity      )        JURY DEMAND
         DEFENDANTS          )

**COMPLAINT**

**COMES NOW**, the Plaintiff, KAY WATSON, by and through her attorney, Lindsay B.

Erwin, and respectfully alleges as follows:

**JURISDICTION AND PARTIES**

1.      This is a civil action brought in part for monetary relief resulting from

discrimination of employment because of age in violation of the Age Discrimination &

Employment Act (hereafter "ADEA") 29 U.S.C. § 621 et. seq., 42 U.S.C. § 2000 (e) and for

retaliation for having filed charges of discrimination with the EEOC.

2.      Jurisdiction and venue are proper in this Court pursuant to the ADEA (29 U.S.C.

§ 621 et. seq.).

3.      The violation of Plaintiff's rights alleged below were committed within the

County of Montgomery, in the State of Alabama.  The Plaintiff is a resident citizen of Russell

County, Alabama.

4.      Defendant, Alabama Board of Pardons and Paroles (hereinafter "ABPP") is an

established State Board governed under the laws of the State of Alabama, and may be served by

delivering process to its Chief Legal Counsel for service: Gregory O. Griffin, Sr., Chief Counsel, 301 S. Ripley Street, Montgomery, AL 36130.

     5.     Defendant, Cynthia S. Dillard, is the Executive Director of ABPP and is engaged in an industry affecting commerce within the meaning of the ADEA, in Title VII, 29 U.S.C. § 630, and 42 U.S.C. § 200(e).  Defendant has employed more than fifteen (15) persons for each working day in each of twenty (20) calendar weeks in the current or proceeding calendar year, and may be served by delivering process to her for service: Cynthia S. Dillard, 301 S. Ripley Street, Montgomery, AL 36130.

     6.     All conditions precedent to jurisdiction under 42 U.S.C § 200e-5 and 42 U.S.C. §§ 12101 et. seq., have occurred or been complied with.  Plaintiff timely filed a charge of discrimination on the basis of her age with the Equal Employment Opportunity Commission (hereinafter "EEOC") within 180 days of the occurrence of the unlawful employment practices alleged herein.  Plaintiff then filed a second charge on the basis of retaliation for filing the previous charge of discrimination with the EEOC within 180 days of the occurrence of the unlawful employment practices alleged herein.  On or about June 4, 2007, the EEOC issued a determination on the retaliation charge.  The EEOC issued Notice of Suit Rights to Plaintiff on or about June 4, 2007.  The Plaintiff filed this Complaint within ninety (90) days of her receipt of Notice of Suit Rights.

## STATEMENT OF FACTS

     7.     The Plaintiff hereby adopts and incorporates all the foregoing averments contained in this Complaint and further states as follows:

     8.     Plaintiff is a white female, who is now forty-eight (48) years of age.

9.    Plaintiff was employed by ABPP in Dothan, Houston County, Alabama as an Administrative Support Assistant for many years.    In approximately 2005, Plaintiff was promoted to Probation and Parole Officer and went to Police Academy in Montgomery for the pre-agility tests along with several other applicants.

10.    On or about September 9 and/or September 14, 2005, Plaintiff failed the pre-agility test along with three other individuals.    As a result, Plaintiff was demoted back to an Administrative Support Assistant on or about October 1, 2005.    Although Plaintiff had the longest employment service with the ABPP, she was the only one to be demoted for not passing the test.    The other three applicants, all of whom were younger than the Plaintiff and were junior in service to Plaintiff, were not demoted due to their failure to pass the test.

11.    After complaining to the Personnel Manager, Plaintiff was reinstated to Parole Officer on or about November 26, 2005.

12.    On or about January 11, 2006, Plaintiff failed to complete the pre-agility test by one (1) second and was informed that she would be demoted once again to the Administrative Support Assistant position.

13.    On or about January 25, 2006, Plaintiff filed internal complaints with the ABPP. Plaintiff shows that the ABPP took no action on her complaints.

14.    Plaintiff filed an EEOC action (Agency Charge No. 420-2006-00525) on or about March 9, 2006.    Plaintiff shows that the charges of age discrimination were successfully mediated as shown on the attached Exhibit "A" which is incorporated herein and made a part of this Complaint by reference thereto.

15.    Plaintiff shows that, pursuant to the mediation agreement, she was able to pass the pre-agility test, re-hired and sent to the Jacksonville State Police Academy on or about July 16,

2006. Prior to starting at such academy, the Plaintiff was required, yet again, to pass the physical agility and ability test. Plaintiff shows that she, in fact, successfully completed the pre-agility test a second time. The last stipulation of the mediation agreement was that the Plaintiff was to successfully graduate from the Police Academy to remain employed with the ABPP.

16.    On or about November of 2006, the week after completing her training at the Police Academy, the Plaintiff received a letter from the ABPP stating that the Executive Director voted to end her employment with the Agency for failing to pass requirements of the Alabama Peace Officers Standards and Training Commission ("APOSTC").

17.    The Plaintiff was not advised of the specific reason as to why she was being terminated. Plaintiff shows that the Academy Instructor had informed her that she had met all requirements necessary to remain in the Academy. Furthermore, the Instructor had stated that the Plaintiff had not failed any portion of the minimum requirements and she would be able to graduate with her class.

18.    After being terminated for non-completion of the mediation settlement, as unilaterally interpreted by the ABPP, Plaintiff timely filed a charge of discrimination based on retaliation on or about December 1, 2006 (Agency Charge No. 420-2007-00950).

19.    On or about June 4, 2007, the EEOC issued a determination on the retaliation charge finding it was unable to conclude that the information obtained established violations, but that it did not certify that the Defendant was in compliance with the Statutes.

20.    Plaintiff files this Complaint within ninety (90) days of receipt thereof.

## COUNT ONE

### Age Discrimination and Employment Act

21.     Plaintiff hereby adopts and incorporates all the foregoing averments contained in this Complaint and incorporates by reference as if fully set forth herein.

22.     Plaintiff is a member of a protected age group under the ADEA.  At the time of the requirement fulfillments in question, Plaintiff was forty-eight (48) years old.

23.     Plaintiff was hired as an Administrative Support Assistant in February of 2000 and was promoted to Probation & Parole Officer in August of 2005.  At that time, Plaintiff failed the pre-agility test along with several other applicants, but was the only one demoted back to administrative support assistant upon failing the test.

24.     Plaintiff further complained to the Personnel Manager upon its decision to demote her, while the other three younger applicants were able to retain the Probation & Parole Officer position.  The Plaintiff was given the opportunity, along with the other three applicants, to complete the pre-agility test again, but did not pass by one (1) second and was demoted for the second time, while leaving the other three employees of younger age and less experience in the same position.

25.     The dispute was successfully mediated on these claims but Plaintiff was further discriminated against when she was wrongly terminated on or about November 6, 2006.

26.     The reason stated for Plaintiff's termination in 2006 was for her failure to complete the APOSTC requirements.  Plaintiff was informed by her Jacksonville State Police Instructor that all requirements had been met and she was to graduate with the others.

27.     Defendants' failure and/or refusal to allow Plaintiff to stay in the same position on each occasion was based upon Plaintiff's age, and was in violation of the ADEA, for which Plaintiff may recover against the Defendants.

28.     As a direct and proximate result of Defendants' discrimination on the basis of Plaintiff's age, the Plaintiff has lost wages, benefits and employment opportunities to which Plaintiff would have been entitled but for Defendants' discrimination, and Plaintiff is entitled to recover these damages against Defendant.

29.     The actions of the Defendants have caused, and continue to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses for which Plaintiff may recover against Defendants.

30.     Defendants acted willfully or with reckless disregard for Plaintiff's federally protected rights, for which Plaintiff may recover liquidated damages against the Defendants.

31.     The Plaintiff, if she prevails, is entitled to recover attorney's fees and costs and expenses of litigation.

### COUNT TWO

### Retaliation

32.     Plaintiff hereby adopts and incorporates all the foregoing averments contained in this Complaint and incorporates by reference as if fully set forth herein.

33.     On or about November 6, 2006, Plaintiff filed a charge of discrimination with the EEOC, based upon her age, as a result of Defendants demoting her from the position of Probation & Parole Officer to Administrative Support Assistant on account of her age.

34.    After Plaintiff filed the charge of discrimination, she was rehired after successful mediation on the charge. She was allowed to proceed with training as a Probation & Parole Officer.

35.    One week after completion of the APOSTC requirements, Plaintiff was terminated from her position for failure to complete the requirements, although all requirements had been met and she was scheduled to graduate with her class from the Academy.

36.    Plaintiff avers that the Defendants' actions by terminating her employment based on her alleged non-completion of the requirements as set forth in the mediation settlement was in retaliation for filing the earlier charge of discrimination.

37.    Defendants' actions of retaliating against the Plaintiff for filing the charge of discrimination with the EEOC and for opposing Defendants' unlawful employment practices in violation of the ADEA, for which Plaintiff may recover against the Defendants.

38.    Plaintiff shows that, at all relevant times herein, she was participating in protected activities as contemplated by the ADEA in that she complained to the EEOC about discriminatory practices committed against her by the Defendants due to her age. Plaintiff shows further that the adverse actions taken by Defendants against Plaintiff were causally connected to Plaintiff's participation in the legally protected activities.

39.    Plaintiff shows further that the actions of the Defendants against the Plaintiff were retaliatory and a direct and proximate cause of the age discrimination complaints filed by the Plaintiff against the Defendants.

40.    As a direct and proximate result of Defendants' retaliation against Plaintiff, the Plaintiff has lost wages, benefits and employment opportunities to which Plaintiff would have

been entitled to but for Defendants' discrimination and retaliation, and Plaintiff is entitled to recover these damages against Defendants.

41.     Defendants' actions have caused, continue to cause, and will cause Plaintiff to suffer substantial damages for pecuniary losses, mental anguish, loss of enjoyment of life, and other non-pecuniary losses for which Plaintiff may recover against Defendant.

42.     Defendants acted with malice or with reckless indifference to Plaintiff's federally protected rights, for which Plaintiff may recover punitive damages against Defendants.

43.     Defendants acted willfully or with reckless regard to Plaintiff's federally protected rights, for which Plaintiff may recover liquidated damages against the Defendants.

44.     Plaintiff, if she prevails, is entitled to recover the attorney's fees and costs and expenses of litigation.

**WHEREFORE**, Plaintiff requests judgment of this Court against Defendants as follows:

(a)     Respectfully requests a trial by jury;

(b)     Find and hold that the Defendants have discriminated against the Plaintiff on the basis of her age, in violation of the Age Discrimination and Employment Act; and

(c)     Find and hold that the Defendants have discriminated against the Plaintiff and retaliated against her for filing a charge of discrimination with the EEOC, and opposing Defendants' unlawful employment practices, in violation of the ADEA; and

(d)     Award the Plaintiff back pay with related monetary benefits, including lost wages, and lost benefits and employment opportunities, and interest thereof; and

(e)     Award the Plaintiff compensatory damages on Count One in an amount to be determined at the trial of this matter; and

(f)     Award Plaintiff on Count One in an amount to be determined at the trial of this

        matter; and

(g)     Award the Plaintiff compensatory damages on Count Two in an amount to be

        determined at the trial of this matter; and

(h)     Award the Plaintiff punitive damages on Count Two in an amount to be

        determined at the trial of this matter; and

(i)     Enjoin the Defendants from continuing to discriminate and engage in the unlawful

        employment practices claimed herein, and grant any other injunctive and

        equitable relief to which Plaintiff may be entitled; and

(j)     Award the Plaintiff her litigation expenses including attorneys fees, expert fees,

        and the costs of this action; and

(k)     Grant other and further relief as may be just and proper.

Respectfully submitted this _4_ day of ___September___, 2007.

                                        MEACHAM EARLEY & FOWLER, P.C.


                                        _____
                                        Lindsay B. Erwin, ERW005
                                        Attorney for the Plaintiff

5704 Veterans Parkway
Columbus, GA 31904
706 576 4064

- 9 -

## VERIFICATION

STATE OF ALABAMA               )
                                   )

COUNTY RUSSELL            )

       Before me, the undersigned authority, personally appeared Kay Watson being known to me and being by me first duly sworn, deposes and says that she is the Plaintiff in the foregoing cause and that the facts alleged therein are true and correct to the best of her knowledge, information and belief.

_Kay Watson_ (signature)

                                             KAY WATSON

       Before me, the undersigned Notary Public for the State of Georgia, personally appeared Kay Watson, who first being duly sworn says that the foregoing is true and correct.

       SWORN TO AND SUBSCRIBED before me this 31 day of August, 2007.



                                   _Suzanne Daniels_ (signature)
Notary Public
My Commission Expires: 10/23/09

# Exhibit

# "A"

Mediation Settlement Agreement
Kay Watson V. State of Alabama Department of Pardons and Parole
EEOC Charge No. 420 2006 00525
Page 2 of 3

7. As evidence of a good faith effort to resolve EEOC Charge Number 420 2006 00525, the parties agree to the following settlement terms:

Based on the following conditions, the Respondent agrees to rehire the Mrs. Kay Watson in the position of Probation and Parole Officer:

1. Around or about the middle of June 2006, Mrs. Watson must demonstrate that she can pass the required pre-agility and ability physical tests as a prerequisite to employment.

2. Upon successfully passing the aforementioned tests, Mrs. Watson will be rehired in the position of Probation and Parole Officer and will be assigned to the City of Clayton Field Office.

3. Upon Mrs. Watson being rehired, the Respondent agrees to do everything in their power to ensure that Mrs. Watson is assigned to the Jacksonville State Police Academy starting on or about July 16, 2006.

4. One to two weeks prior to the beginning of the Police Academy on or about July 16, 2006, Mrs. Watson must demonstrate again that she can pass the required physical agility and physical ability tests or will be terminated from employment prior to going to the academy.

5. Finally, Mrs. Watson must successfully graduate from the Police Academy to remain employed.


_____     5-1-06
Steve Sirmon                        Date
Respondent (Staff Attorney)


_____     5-1-06
Kay Watson                          Date
Charging Party

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000286
Cashier ID: cstrecke
Transaction Date: 09/04/2007
Payer Name: MEACHAM EARLEY AND FOWLER PC
------------------------------------
CIVIL FILING FEE
 For: MEACHAM EARLEY AND FOWLER PC
 Case/Party: D-ALM-2-07-CV-000794-001
 Amount:        $350.00
------------------------------------
CHECK
 Remitter: MEACHAM EARLEY AND FOWLER PC
 Check/Money Order Num: 15508
 Amt Tendered: $350.00
------------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00

DALM 2:07CV000794-MHT

KAY WATSON V AL DOC ET AL