IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| Kay Watson, | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | Case # 2:07-CV-794 |
| | ) | |
| Alabama Board of Pardons | ) | |
| And Paroles and Cynthia | ) | |
| Dillard, | ) | |
| Respondents. | ) | |

## ANSWER

Come now the Alabama Board of Pardons and Paroles (hereafter "the Board") and its Executive Director, Cynthia Dillard (hereafter "Ms. Dillard"), denying all averments, not expressly admitted, in Petitioner's complaint alleging wrongful employment action, discrimination, or retaliation. In response to Petitioner's claims the following is submitted:

## FACTS

The Petitioner, hereafter Ms. Watson, was employed as an Administrative Assistant (ASA) with the Alabama Board of Pardons and Paroles in February 2000. She applied for and was hired as a Probation and Parole

Officer I on August 2005. State law enforcement officers must comply with the Alabama Peace Officers Standard and Training Commission requirements in order to be *certified* as a state law enforcement officer **(Exhibit A)**. This requires successfully completing a certified police academy. Ms. Watson was scheduled to attend the Northeast Alabama Law Enforcement Academy located on the campus of Jacksonville State University in September 2005, but failed the agency's pretest resulting in her not attending the academy as scheduled. She was returned to her ASA (Administrative Assistant) position with the agency.

In November 2005 Ms. Watson was again hired as a Probation and Parole Officer I and rescheduled for attendance to the Northeast Alabama Law Enforcement Academy in January 2006. She failed the Physical Fitness Entrance Standards at the academy and was removed from the academy **(Exhibit B**). Ms. Watson was in the process of being returned to her ASA position, but chose to resign instead on February 2, 2006 **(Exhibit C).**

2

In March 2006 Ms. Watson filed an E.E.O.C. complaint alleging Age Discrimination – she claimed she was being treaded differently than others that were younger than her. The E.E.O.C. complaint was successfully mediated on May 1, 2006 and accepted by the Bernice Williams-Kimbrough, District Director, Equal Employment Opportunity Commission on May 10th, 2006 **(Exhibit D)**. Pursuant to the mediation agreement the agency rehired Ms. Watson as a Probation and Parole Officer I and scheduled her to attend the Northeast Alabama Police Academy in July 2006. The mediation agreement required Ms. Watson to "successfully graduate from the police academy to remain employed."

On November 1, 2006 the academy, by phone, notified the agency's training director, Lee Moss, that Ms. Watson had *not* successfully completed the firearms portion of the academy. The academy subsequently sent written notice of Ms. Watson's failure, by letter dated November 2nd, 2006, to Lee Moss **(Exhibit E)**. The November 2nd, 2006 letter from the academy clearly states Ms. Watson failed to successfully complete the firearms portion of the academy. It further states that

upon "written request by the employing agency" Ms. Watson could be sent to the next available academy to retake the firearms portion of the academy. (Note: this letter did not take into consideration that Ms. Watson was already attending her second academy).  (See Exhibit A, Rule 650-X-4-.04 Failure to Complete Training).

This information was presented to the Board on November 6th, 2006 and they voted to terminate Ms. Watson's employment as a Probation and Parole Officer I **(Exhibit F).**

Ms. Watson filed an E.E.O.C. complaint alleging retaliation on December 1st, 2006 *(Exhibit G)*. She received a right to sue letter from the E.E.O.C. and brought the action at bar.

### EXHIBITS

| | |
|---|---|
| Exhibit A | APOSTC Administrative Code |
| Exhibit B | Academy memo dated 1-11-06 – Watson failed |
| Exhibit C | Watson's resignation dated 2-2-2006 |
| Exhibit D | E.E.O.C. Age Discrimination settlement dated 5-10-06 |
| Exhibit E | Academy letter dated 11-2-06 – Watson failed |
| Exhibit F | Board Order terminating Watson, dated 11-6-2006 |

Exhibit G        Watson's EEOC complaint dated 12-1-
                 2006
Exhibit H        Affidavits of Board members and
                 Executive Director, Cynthia Dillard

## RESPONDENT'S ARGUMENTS AND DEFENSES

### *STATE 11th Amendment Immunity: (ADEA did not abrogate)*

The Board denies the material averments in Ms.
Watson's complaint and demand strict proof thereof.

In passing the Age Discrimination and Employment
Act (ADEA), Congress did not abrogate states' Eleventh
Amendment Immunity from suit by private individuals.
*Kimel v. Florida Board of Regents et al., 528 U.S. 62
(2000); Raygor v. Regents of the University of
Minnesota, 534 U.S. 533 (2002).*

The Board of Pardons & Paroles is an agency of the
State of Alabama[1] and is absolutely immune from suit.
The Board is not a person acting under the color of
state law for purposes of this action.

The Board is entitled to Eleventh Amendment
immunity.  The State does not and can not consent to be
sued.  See *Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057*

---

[1] The Board acts as an arm of the Legislature. The powers it
exercises were taken from the Governor by Amendment 38 of the
Alabama Constitution in 1939.

*(1978).*  Art. I, § 14 of the Alabama Constitution provides that "the State of Alabama shall never be made a defendant in any court of law or equity.

**Ms. Dillard's 11th Amendment Immunity:**

Cynthia Dillard denies the material averments in Ms. Watson's complaint and demand strict proof thereof. Cynthia Dillard, Executive Director of the Alabama Board of Pardons and Paroles, is entitled to Eleventh Amendment immunity in her official capacity where money damages are sought, as this is in effect a suit against the State of Alabama. See Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057 (1978). Ms. Dillard incorporates by reference the states' immunity arguments, supra.

**Ms. Dillard Lacked Authority to Take Adverse Employment Action against Petitioner:**

The Board's Executive Director, Cynthia Dillard, is without authority to take an adverse employment action against Ms. Watson. The Board is the appointing authority of the agency. *Ala. Code §15-22-21.* The executive director serves to carry out the policies, procedures, and directive of the Board. The Executive

Director of the agency is without authority to demote
or terminate an employee.

Nor is the Board's Executive Director an employer
as defined in Title VII. Ms. Dillard does not employ
anyone with the agency, again this is a Board function.

**Barred by 180 Day Time Limit:**

The E.E.O.C. requires a claim be brought within
180 days of its occurrence. Ms. Watson filed an
E.E.O.C. complaint against the Board on March 9th, 2006
alleging age discrimination. That claim was
successfully mediated on May 1st, 2006 and accepted by
the E.E.O.C. authorities on May 10th, 2006.

Ms. Watson filed a second E.E.O.C. claim on
December 1st, 2006 alleging retaliation for having filed
the first claim. Her allegations, now before the Court,
that occurred prior to June 1st, 2006 are barred by the
180 day filing requirement. *Pijnenburg v. West Georgia
Health Sys., Inc., 255 F.3d 1304, 1305 (11th Cir.2001)*
It is settled law that in order to obtain judicial
consideration of [a Title VII] claim, a plaintiff must
first file an administrative charge with the EEOC
within 180 days after the alleged unlawful employment

practice occurred.

Ms. Watson fails to allege in her complaint any action by the Board between June 1st and December 1st, 2006, except the November 6th, 2006 termination. Her only claim, not barred, is the retaliation claim cited in the December 1st, 2006 E.E.O.C. complaint concerning her November 6th, 2006 termination.

**Barred By E.E.O.C. Settlement:**

All of Ms. Watson's claims occurring before May 10th, 2006 are barred by the mediation agreement between the parties, which was accepted by Bernice Williams-Kimbrough, District Director, EEOC on May 10th, 2006 (*Exhibit D*). The Board complied with the agreement in full. The mediation agreement bars Ms. Watson from bringing those claims now.

The only claims remaining before this Court are those raised in Ms. Watson's E.E.O.C. complaint dated December 1st, 2006 – retaliation (Exhibit G).

**Failure to Plead Prima Facie Case for Discrimination:**

The Board submits that Ms. Watson's age discrimination claims are not properly before the Court. Even if Ms. Watson's discrimination claim was

properly before the Court, she has failed to establish a prima facie case of discrimination. There are three methods by which a plaintiff may establish a prima facie case of discrimination: by direct evidence of discriminatory intent; by meeting the test originally set out for Title VII cases in *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct.1817, 36 L.Ed.2d 688 (1973)*; or by statistical proof of a pattern of discrimination. *Verbraeken v. Westinghouse Electric Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).* Ms. Watson has failed to allege facts supporting her conclusory allegation of discriminatory animus. The Board and Ms. Dillard have offered affidavits denying any intent to discriminate or retaliate against Ms. Watson in any action they may have taken concerning Ms. Watson **(Exhibit H, I, J, and K).**

Nor has Ms. Watson presented any statistical proof of a pattern of discrimination.

Therefore, to establish a prima facie case Ms. Watson must utilize the *McDonnell Douglas* test by showing: (1) she is a member of a protected group; (2) that she was subjected to adverse employment action;

(3) that a person outside the protected group was offered the former position instead; and (4) that plaintiff was qualified for the position.

The Parole Board submits that Ms. Watson failed to establish that she is qualified for the Probation and Parole Officer I position.[2]

Ms. Watson was scheduled to go to the police academy in September 2005, but failed the agency's physical pre-test and was withdrawn from the academy prior to it starting. This attempt did not qualify as attending the academy.

She was again scheduled for and attended the police academy in January 2006, where she failed the physical fitness qualifications. (See *Exhibit B*).

Ms. Watson was again scheduled for and attended the police academy in July 2006, where she failed the firearms portion of the academy. (See *Exhibit E*).

Ms. Watson never completed the Alabama Peace Offices Standards and Training Commission's required course of training. The Commission's Administrative

---

[2] Ala. Code §36-21-46 requires state law enforcement officers to complete the required course of training established by the Alabama Peace Officers Standards and Training Commission to become certified as a state law enforcement officer. (See requirements – Exhibit A).

Code prohibited Ms. Watson from attending further academies for a period of two years. Commission *Rule 650-X-4.-01 (3)(e)(2)states:*

> "Any trainee who passes one of the three attempts, but fails to pass twice, will be allowed, at the written request of the employing Agency, to attend the next available academy to re-take the forty three (43) hours of firearms training and qualification (provided the trainee passes all other phases of the academy session and does not exceed the statutory six (6) month provisional appointment time). If the trainee fails to pass firearms training at this point, the trainee is deemed to have failed that Academy and is barred from employment and certification as a law enforcement officer for two years."

This rule applies to persons attending their *first* academy, who fail the firearms portion to the training. A person in their *second* academy does not have this option. This is evidenced by Commission *Rule 650-X-4.-04* which states:

"Should a trainee fail academically or physically, the hiring agency may request that the trainee be allowed to attend another session. An applicant is eligible two attempts of completion of the academy. *If an applicant fails the academy twice, the applicant is ineligible to attend an academy for a period of two years from the date of the failure of the second academy attempt*. If after two years, the applicant is again employed as a law enforcement officer, a new application package is required. This does not exempt the applicant from Rule 650-X-2-.01)."

Ms. Watson failed the academy that started in January 2006 and failed the academy that started in July 2006. The above cited Commission rules bar Ms. Watson from attending the academy a *third* time for a period of two years from the date of her last failure.

Ms. Watson claims she was told by an academy official that she could graduate with her academy class that began July 2006. This may or may not be true. However she knew she could not become APOSTC certified as a state law enforcement agent until she passed all

the requirements of the academy, which she had not done. The only way she could accomplish this was for the agency to agree to send her to the firearms portion of a third academy, which they were barred from doing by APOSTC rules (*Rule 650-X-4.-04*). It is unfortunate if Ms. Watson got mixed signals from the academy, but that does not change the position of the agency, nor does it constitute discrimination or retaliation by the agency.

The Board and Ms. Dillard submit that Ms. Watson never *qualified for the position* she sought, nor provided any evidence of *intent* to discriminate, and, therefore, can not establish her prima facie case of discrimination.

**Legitimated business reason for termination:**

Even if Ms. Watson could establish a prima facie case of discrimination, the burden is then upon the Board to offer a legitimate, non-discriminatory reason for its decision to terminate Ms. Watson's employment on November 6th, 2006.

The Board scheduled Ms. Watson for three academies – September 2005, January 2006, and July 2006. She was

withdrawn from the September 2005 academy, prior to attending, for failing the physical pretest with the agency. This did not count as an attempt at the academy. She failed the physical fitness portion of the academy beginning in January 2006 *(Exhibit B)* and the firearms portion of the of the academy beginning in July 2006 *(Exhibit E)*.

The Board stated its reason for terminating Ms. Watson's employment in its order dated November 6th, 2006 – "The Board voted to terminate Probation and Parole Officer Nyra Watson for failing to pass the requirements of APOSTC, effectively immediately."[3] *(Exhibit F)*.

After Ms. Watson's first failure to complete the academy, January 2006, she filed an E.E.O.C. claim against the agency. The agency mediated this claim to a settlement that obligated the Board to send Ms. Watson to the second academy in July 2006 *(Exhibit D)*. The fifth condition cited in the mediation agreement stated, "Finally, Mrs. Watson must successfully graduate from the Police Academy to remain employed."

---

[3] APOSTC – Alabama Peace Officers Standards and Training Commission.

Ms. Watson failed to accomplish this goal. The academy notified the agency that Ms. Watson did not successfully graduate and would have to attend yet another academy, her third, to do so. Note: Failing the academy twice bars the employee for two years. See *Commission Rules, supra.*

The Board had a legitimate business reason to terminate Ms. Watson. In fact, the Board was legally obligated to terminate Ms. Watson, pursuant to cited APOSTC rules (*Exhibit A - Rule 650-X-4.-04*). These rules prohibit Ms. Watson from attending another academy for two years for failing two academies.

**Failed to establish she is similarly situated:**

Ms. Watson alleges, in her first E.E.O.C. complaint dated March 9th, 2006, others were more favorably treated than she and that the adverse treatment was due to her age. Ms. Watson does not name the others in her complaint but list the time period when they all failed the agency's physical pretest. The agency records reflect that the three employees to whom Ms. Watson refers are Ashley Farmer, Rochetta Celeste Richardson, and Askisha Jones. Ms. Watson argued this

issue in her E.E.O.C. complaint dated March 9th, 2006, which was successfully mediated. These matters are now barred as previously settled and they are outside the 180 day period in which they may be raised to give this Court jurisdiction in the case at bar. For the Court's information all three of the named employees retested and passed the agency's physical pretest and went on to their first academy. All failed. Ms. Richardson resigned, Ms. Farmer went to a second academy, failed again and is not longer with the agency, and Ms. Jones went to a second academy passed and remains with the agency. None of these three employees were allowed to failed two academies and then go to a third. Ms. Watson seeks to be treated differently than others by being allowed to attend a third academy.

Though not named, nor properly plead in the complaint, are four other employees. Ms. Watson attended a police academy in July 2006 while four other employees were attending either the same or different academies. They all failed their respective academy. Ms. Watson was not similarly situated with these employees either. They were attending their first

academy, while Ms. Watson was attending her second. All failed. Ms. Watson was terminated. The others were allowed to attend a second academy. All four passed and remained employed. None of these employees attended a third academy, which is prohibited by APOSTC rules.

Ms. Watson has failed to establish that she was similarly situated with other employees who were treated more favorably than she in her attempt to establish her discrimination claim.

**Failed to Plead Prima Facie Case for Retaliation:**

After being terminated November 6th, 2006 Ms. Watson filed an E.E.O.C. claim of retaliation. She received a right to sue letter that led to the action at bar. To establish a prima facie case of retaliation under Title VII, Ms. Watson must show (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events. *Cooper v. Southern Co.*, 390 F.3d 695, 740 (11th Cir.2004) (quoting *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1021 (11th Cir.1994).

Ms. Watson has failed to show any relationship between her being terminated and her filing of the E.E.O.C. complaint dated March 9th, 2006. She raises only conclusory allegations that are insufficient to state a claim.

If Ms. Watson had established a prima facie case of retaliation, the burden shifts to the Board to articulate a legitimate, nondiscriminatory reason for Ms. Watson's termination. *See Berman v. Orkin Exterminating Co., 160 F.3d 697, 701-02 (11th Cir.1998)*.

As stated above, the Board scheduled Ms. Watson for three academies – September 2005, January 2006, and July 2006. She was withdrawn from the September 2005 academy prior to attending for failing the physical pretest with the agency. This did not count as an attempt at the academy. She failed the physical fitness portion of the academy beginning January 2006 and the firearms portion of the academy beginning July 2006. The Board stated its reason for terminating Ms. Watson's employment in its order dated November 6th, 2006 – "The Board voted to terminate Probation and

18

Parole Officer Nyra Watson for failing to pass the requirements of APOSTC, effectively immediately."[4] *(Exhibit F)*.

The Board had a legitimate business reason to take the adverse employment action against Ms. Watson. In fact, the Board was legally obligated to terminate Ms. Watson, pursuant to APOSTC rules (*Exhibit A - Rule 650-X-4.-04*). These rules prohibit Ms. Watson from attending another academy for two years for failing two academies. Even if the Board had discriminated and retaliated against Ms. Watson, the result would have been the same since she is prohibited by APOSTC from being a certified law enforcement officer until she passes the Commission's standard training.

Since the Board has articulated a legitimate reason the onus shifts back to Ms. Watson to raise a genuine factual issue as to whether that proffered reason is merely a "pretextual ruse to mask a retaliatory action. *Raney v. Vinson Guard Serv., Inc., 120 F.3d 1192, 1197 (11th Cir.1997)*.

---

[4] APOSTC – Alabama Peace Officers Standards and Training Commission.

The Board submits Ms. Watson can not meet this burden. To do so Ms. Watson would have to show that the Board's compliance with state law and APOSTC regulations concerning eligibility for becoming a state law enforcement officer is nothing more than a "pretextual ruse to mask a retaliatory action."

***Barred by 90 Day Time Limit:***

Ms. Watson has the burden of proof to establish she filed her Title VII claim, relating to her November 6th, 2006 termination, is within 90 days of receiving notice of her right to sue from the E.E.O.C. or her allegation is time-barred. *See Green v. Union Foundry Co., 281 F.3d 1229, 1234 (11th Cir.2002).*

In her complaint Ms. Watson states,"On or about June 4, 2007, the EEOC issued a determination on the retaliation charge. The EEOC issued Notice of Suit Rights to Plaintiff on or about June 4, 2007." (P.2,Par.6, Compl.). The Complaint was filed on September 4th, 2007, ninety one (91) days later. Ms. Watson has filed to prove she met the 90-day requirement for filing this action.

*Failure to Mitigate Damages:*

Ms. Watson was employed with the agency from February 2000 until she resigned on 2-2-2006. After failing her first academy in January 2006, the Board voted to demote Ms. Watson to her prior position with the agency – administrative assistant (ASA). Ms. Watson chose not to accept the demotion and resigned from the agency *(Exhibit C)*. By so doing she failed to mitigate her damages concerning her complaints against the agency.

## CONCLUSION

This action is barred by the states 11th Amendment immunity to such a suit.

Petitioner's age discrimination claims were settled in mediation and now time barred by the 180-day filing requirement with E.E.O.C.

Petitioner failed to properly plead a prima facie case for age discrimination or retaliation. She has further failed to show she was treated differently than others similarly situated.

The Board had a legitimate business interest in terminating Petitioner's employment.

Petitioner has failed to show she filed her E.E.O.C. retaliation claim with the Court within the 90-day time period required.

Petitioner failed to mitigate her damages by resigning from the agency in February 2006.

Respectfully submitted,

TROY KING.
ATTORNEY GENERAL
KIN047

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL
GRI026

s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Kay Watson c/o Lindsey B. Erwin Meacham, Earley & Flower, P.C., 5704 Veterans Parkway Columbus, GA  31094 and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants, individually: (None)

Done this 29th day of October, 2007.

Respectfully submitted,

s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov

## ALABAMA PEACE OFFICERS STANDARDS AND TRAINING COMMISSION
## ADMINISTRATIVE CODE

### CHAPTER 650-X-4
### CERTIFICATION OF LAW ENFORCEMENT OFFICERS
TABLE OF CONTENTS

650-X-4-.01        Education Requirements
650-X-4-.02        Employment Requirements
650-X-4-.03        Waiver for Lateral Entry Equivalency Training
650-X-4-.04        Failure to Complete Training
650-X-4-.05        Withdrawal from School
650-X-4-.06        Repealed
650-X-4-.07        Repealed
650-X-4-.08        Repealed

**RULE 650-X-4-.01 Education Requirements.**

(1)  The trainee must successfully complete 480 hours of basic training at an approved academy.

(2)  The trainee must satisfactorily complete the law enforcement training course within the time set forth in the statutory requirement of the Code of Alabama, Title 36-21-46.

(3)  In order to successfully complete the law enforcement training course and be certified by the Commission, the trainee must achieve the following:

(a)  An overall score of not less than 70% on written exams,

(b)  Pass the first aid exam with a score of not less than 70% (Any re-test, if necessary, shall be administered within 72 hours.),

(c)  Pass the legal issues exam with a score of not less than 70% (Any re-test, if necessary, shall be administered within 72 hours.),

(d)  Pass the physical agility/ability test (Any re-test, if necessary, shall be administered within 48 to 72 hours.),

(e)  Pass 43 hours of firearms training and qualify two of three attempts on the firearms course. A minimum score of seventy (70) is required to pass each attempt

(1)  If a trainee does not pass ANY of the three (3) qualification attempts then the trainee is deemed to have failed the Academy and is barred from employment and certification as a law enforcement officer for two years.

(2)  Any trainee who passes one of the three attempts, but fails to pass twice, will be allowed, at the written request of the employing Agency, to attend the next available academy to re-take the forty three (43) hours of firearms training and qualification (provided the trainee passes all other phases of the academy session and does not exceed the statutory six (6) month provisional appointment time). If the trainee fails to pass firearms training at this point, the trainee is deemed to have failed the Academy and is barred from employment and certification as a law enforcement officer for two years.

(f)  Trainees shall not be absent more than 5% of the required training hours.

APOSTC 06/07



EXHIBIT

**A**

(4) The trainee shall comply with all rules and regulations promulgated by the Commission.

(5) The trainee in addition to complying with the Commission's rules and regulations shall comply with all rules and regulations promulgated by the academy.

Authority: Code of Alabama 1975, §36-21-40, §36-21-51.

Effective Date: September 29, 1983. Amended: June 12, 1995. Amended: May 9, 1997. Amended: February 4, 1999. Amended: January 1, 2006.

**RULE 650-X-4-.02 Employment Requirements**. The applicant must be gainfully employed as a law enforcement officer by a law enforcement agency at the time of his/her application to the academy. Prior to certification, the applicant shall complete the required course of training established by the commission. An applicant may be provisionally appointed for a period of six months. No individual may be employed for an additional period until that individual is certified by the commission.

Authority: Code of Alabama 1975, §36-21-40, §36-21-51.

Effective Date: September 29, 1983. Amended: June 12, 1995. Amended: May 9, 1997.

**RULE 650-X-4-.03 Waiver for Lateral Entry Equivalency Training.**

(1) The Commission may waiver the completion of any course required by Rule 650-X-4-.01 of the regulations upon presentation of documentary evidence by a department that a gainfully employed (full-time or part-time) officer has received equivalent training in another jurisdiction or through federal, or department of defense law enforcement experience.

(a) If a law enforcement agency has a properly established and bonafide law enforcement reserve program, and if a duly appointed reserve officer is qualified and commissioned with the power of arrest, then the Chief Law Enforcement Officer may submit a letter of request to the Commission requesting the reserve officer be considered for Waiver of Lateral Entry Equivalence training. Reserve law enforcement officers who are approved for this training will be admitted to the refresher training program on a space available status only and may not occupy a position in the class if participation prevents a gainfully employed law enforcement officer from attending.

(b) Any reserve law enforcement officer who attends this program must be covered by Workers Compensation Insurance.

(2) The Commission will review the documentation of equivalent training presented by the department and use a point system, as described later in this rule, to determine if comparative compliance is achieved.

(3) If equivalency training is approved, the officer will qualify to attend an 80 hour Law Enforcement Officer Refresher Course to equate previous training with current standards.

(4) Equivalency of Training Point System. For the purpose of determining equivalency of training, the terms listed below shall have the following meaning and values:

(a) Experience: The total number of years the applicant has been employed full time as a law enforcement officer since completing an entry level basic police training course.

(b) Education: An academic title awarded by a post-secondary institution which is accredited by a state certification board or commission and authorized to award such degrees.

(c) Equivalency: Achieved by:

APOSTC 06/07

(1)   An applicant being Certified or licensed as a law enforcement officer in another State, by the Peace Officers Standards and Training Commission of that State, and whose Certification is valid and in good standing, and who meets all other requirements for lateral entry equivalency training as outlined in these Rules. Applicant must have a minimum of one (1) year experience as a gainfully employed, full time law enforcement officer and must not have a break in service of more than two (2) years following separation of employment as a law enforcement officer in said state. Or;

(2)   By an applicant obtaining a total of ten or more points based on the following schedule; of which, each applicant will be awarded the maximum number of points that he/she qualifies for in each of the three categories:

Years of full-time Law Enforcement Experience;

| | |
|---|---|
| Less than one (1) | 0 |
| One (1) to five (5) years | 5 |
| Five years, 1 day, to 10 years | 6 |
| Ten years, 1 day, to 15 years | 7 |
| Fifteen years, 1 day, to 20 years | 8 |
| Twenty years and one day or more | 9 |

Basic Police Training

| | |
|---|---|
| less than 280 hours | 0 |
| 280 hours - 319 hours | 1 |
| 320 hours - 479 hours | 2 |
| 480 hours - 639 hours | 3 |
| 640 hours - 800 hours | 4 |
| 801 hours - 959 hours | 5 |
| 960 hours or more | 6 |

Post-secondary Degrees

| | |
|---|---|
| Associate Degree | 1 |
| Bachelor Degree | 2 |
| Masters Degree or above | 3 |
| (correspondence courses not accepted) | |

(5)   Eligibility. An applicant who is Certified in another State and who meets the requirements of Equivalency as outlined in section (4)(c)(1) of this Rule is deemed eligible. All other applicant's requesting lateral entry to the law enforcement field in Alabama must meet the following requirements:

(a)   Military Police Applicant. Be a graduate of a formal Military Police "Law Enforcement" Basic Police Training Course. Must have been performing duties in a law enforcement function the last four years prior to separation and must not have a break in service in excess of two (2) years following military separation.

(b)   Federal Law Enforcement Applicant. Be a graduate of a formal Federal Law Enforcement

APOSTC 06/07

Basic Police Training Course. Must have been performing duties in a law enforcement function the last four years prior to separation from Federal Service and must not have a break in service in excess of two (2) years following Federal Service separation.

(c)  The following applicants will not be considered for eligibility:

(1)  Applicants who do not meet APOSTC standards for certification.

(2)  Applicants who have been "Grandfathered" or "exempted" from training.

(3)  Applicants whose certification has been suspended or revoked.

(4)  Applicants who have a primary Security Police occupational code.

(6)  Refresher Course. Those applicants who have received an acceptable evaluation of their experience, education, and training are required to attend an eighty (80) hour refresher training course to be conducted at an assigned regional academy. The general curriculum will be developed and updated as needed by a committee of Academy Directors and approved by the Alabama Peace Officers Standards and Training Commission. This training course will be rotated among the regional academies. A minimum of one course (if there is a sufficient number of applicants) will be conducted each calendar year. No credit will be given for a partially completed training course. Trainees shall not be absent more than 5% of the required training hours. The following mandated subjects must be passed. Any trainee who fails to pass (a), (b), (c) or (d) shall be required to attend the 480 hour basic Academy.

(a)  An overall academic average of not less than 70%.

(b)  Pass the legal issues exam with a score of not less than 70%.

(c)  Pass the defensive driving course with a score of not less than 70%.

(d)  Pass the physical agility test.

(e)  Pass two of three attempts on the firearms course. A minimum score of seventy (70) is required to pass each attempt.

(1)  If a trainee does not pass ANY of the three (3) qualification attempts then the trainee is deemed to have failed the Academy and is barred from employment and certification as a law enforcement officer for two years.

(2)  Any trainee who passes one of the three attempts, but fails to pass twice, will be allowed, at the written request of the employing Agency, to attend the next available academy to take the forty three (43) hours of firearms training and qualification (provided the trainee passes all other phases of the academy session and does not exceed the statutory six (6) month provisional appointment time). If the trainee fails to pass firearms training at this point, the trainee is deemed to have failed the Academy and is barred from employment and certification as a law enforcement officer for two years.

(f)  Applicant must present proof of CPR Training prior to admission to the course.

(7)  Definitions:

(a)  Law Enforcement Officer: One who is responsible for the prevention and detection of crime and the enforcement of the criminal, traffic, or highway laws of the State of Alabama. A full-time federal or military law enforcement officer who has powers of arrest, authority to carry a firearm, and is classified by their agency in a law enforcement position.

(b)  Basic Police Training Course: A basic course recognized by a state commission, state board, or agency which leads to licensing or certification as a law enforcement officer; or a basic course sponsored by the federal government for its law enforcement officers; or a basic course

APOSTC 06/07

conducted by the Department of Defense for personnel classified as law enforcement personnel under their military specialty codes, i.e., Military Occupation Code (MOS), Air Force Specialty Code (AFSC).

(8)  Procedures:

(a)  All commission procedures applicable to certification of newly employed officers must be followed when applying for Lateral Entry.

(b)  The employer must complete the required application forms in duplicate, and provide certified true copies of law enforcement training and training curriculums provided in the training of the applicant.

(c)  The applicant will arrange for the post-secondary schools, colleges, and universities to forward a certified true copy of post-secondary degrees earned, to the Peace Officers Standards and Training Commission.

Authority: Code of Alabama 1975, §36-21-40, §36-21-51.

Effective Date: September 29, 1983. Amended: June 12, 1995. Amended: May 9, 1997. Amended: May 5, 1999. Amended: September 5, 2000. Amended: September 13, 2000. Amended: July 18, 2001. Amended:  January 1, 2006. Amended: June 28, 2007.

**RULE  650-X-4-.04  Failure to Complete Training**. Should a trainee fail academically or physically, the hiring agency may request that the trainee be allowed to attend another session. An applicant is eligible for two attempts of completion of the academy. If an applicant fails the academy twice, the applicant is ineligible to attend an academy for a period of two years from the date of failure of the second academy attempt. If, after two years, the applicant is again employed as a law enforcement officer, a new application package is required. This does not exempt the applicant from Rule 650-X-2-.01.

Authority: Code of Alabama 1975, §36-21-40, §36-21-51.

Effective Date: September 29, 1983. Amended June 12, 1995. Amended: February 4, 1999.

**RULE 650-X-4-.05  Withdrawal from School**. A trainee who is failing the course of study may withdraw and re-enter school only in hardship or emergency situations.

Authority: Code of Alabama 1975, §36-21-40, §36-21-51.

Effective Date: September 29, 1983.

**RULE 650-X-4-.06 Repealed.**

**RULE 650-X-4-.07 Repealed.**

**RULE 650-X-4-.08 Repealed.**

Authority: Code of Alabama 1975, §36-21-40, §36-21-51.

Effective  Date:  October  29,  1980.  Amended:  June  12,  1995.  Amended:  May  9,  1997. Repealed: April 4, 2005.

APOSTC 06/07



### Northeast Alabama
### Law Enforcement Academy
**AT JACKSONVILLE STATE UNIVERSITY**

BILLY L. DUCKETT,
DIRECTOR

100 Commandants Drive Rm. 2148
Ft. McClellan, AL 36205
PHONE: (256) 782-5318
FAX: (256) 782-5317
WEBSITE: http://lea.jsu.edu

BRIAN STAUDE
INSTRUCTOR/ COORDINATOR

GREG GLAZE
INSTRUCTOR/ COORDINATOR

MATT McCULLARS
INSTRUCTOR/COORDINATOR

ABBEY TEAGUE
BASIC TRAINING SECRETARY

JAN WHITTEN
ADMINISTRATIVE ASSISTANT

## MEMORANDUM

TO:        Ms. Lee Moss
           AL Board of Pardons & Paroles

FROM:      Billy Duckett, Director
           Northeast Alabama Law Enforcement Academy

DATE:      January 11, 2006

SUBJECT:   A.P.O.S.T.C. Physical Fitness Entrance Standards

This is to notify you that Officer Nyra K. Watson, SSN # ████████ failed her first and second attempt to complete the requirements of the Physical Fitness Entrance Standards as mandated by the Alabama Peace Officers Standards and Training Commission beginning January 1, 1997.

The mandatory standards are:
1.  Must complete the Physical Agility Course within 1 minute and 30 seconds.
2.  Must complete the 1½-mile run within 15 minutes and 28 seconds.
3.  Must do 22 push-ups within 1 minute.
4.  Must do 25 sit-ups within 1 minute.

On the first attempt, Officer Watson failed the 1½-mile run with a time of 15.50. The re-test time of your officer is listed below.
1.  Completed the agility course with a score of 1.24
6.  Completed the 22 push-ups
3.  Completed the 25 sit-ups
4.  Failed to complete the 1½-mile run with the time of 15.29

You must notify A.P.O.S.T.C. in writing as soon as possible of the employment status of this officer. If you have any further questions, please call the Academy.

/at
cc: A.P.O.S.T.C.
    Student file



EXHIBIT
**B**

# STATE OF ALABAMA
# PROBATION AND PAROLE OFFICE

## INTEROFFICE COMMUNICATION

**DATE:** 2-2-2006

**TO:** Donna Russ

**FROM:** Kay Watson – Phenix City

**IN RE:** Resignation

**Effective, February 3, 2006, I am resigning as a Probation and Parole Officer.**

**I do not accept the demotion to ASA for the second time since Askisha Jones, Ashley Farmer and Ronchetta Hollyfield aka Celeste Richardson also failed the physical agility and ability test, which also resulted in their dismissal from the academy. These three individuals are scheduled to attend the academy in February 2006 for the second time.**

**It has been a pleasure working with this agency.**



EXHIBIT
C



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

**RECEIVED**

MAY 1 2 2006
State Board of
Pardons and Paroles

Charge No.: 420 2006 00525
Charging Party: Kay Watson
Respondent: State of Alabama
Board of Pardons and
Parole

Mr. Steve Sirmon
Staff Attorney
State of Alabama Board of Pardons and Parole
P.O. Box 302405
Montgomery, Al 36130

Respondent's Representative

Mrs. Kay Watson
2205 9th Avenue
Phenix City, Al 36867

Charging Party's Representative

Dear Mr. Sirmon and Mrs. Watson:

In view of the agreement reached between the Respondent and the person claiming to be aggrieved, the Equal Employment Opportunity Commission (EEOC), will discontinue its processing of the above noted charge. Thank you for utilizing the mediation process in resolving this charge. If we can be of any assistance to you in the future, please do not hesitate to call.

On Behalf of the Commission:

_5|10|06_
Date

Bernice Williams-Kimbrough
District Director

cc: Copy of Mediation Settlement Agreement

**DBL**/jnl

EXHIBIT
D

# MEDIATION SETTLEMENT AGREEMENT

CHARGE NUMBER: <u>420 2006 00525</u>

CHARGING PARTY: <u>Kay Watson</u>

RESPONDENT: <u>State of Alabama Department of Pardons and Parole</u>

1.      In exchange for the promises made by the Respondent, <u>State of Alabama Department of Pardons and Parole</u>, pursuant to <u>Charge Number 420 2006 00525</u>, the Charging Party, <u>Kay Watson</u>, agrees not to institute a law suit under <u>Age Discrimination in Employment Act (ADEA)</u>, or to use <u>Charge Number 420 2006 00525</u> as a basis for filing a lawsuit under any other law enforced by the EEOC.

2.      Further we agree that submission of this agreement to EEOC will constitute a request for closure of EEOC <u>Charge Number 420 2006 00525</u>.

3.      It is understood that this agreement does not constitute an admission by Respondent of any violation of <u>Age Discrimination in Employment Act (ADEA)</u>, or any other law enforced by EEOC.

4.      This document constitutes a final and complete statement of the agreement between the Charging Party, the Respondent and EEOC.

5.      The Respondent agrees that there will be no discrimination or retaliation of any kind against the Charging Party for filing this charge or against any person because of opposition to any practice deemed to be illegal under the various laws enforced by EEOC, or for giving testimony, assistance or participating in any manner in an investigation, proceeding or a hearing under the various laws enforced by the EEOC.

6.      The parties agree that the EEOC is authorized to investigate compliance with this agreement and that this agreement may be specifically enforced in court by the EEOC or the parties and may be used as evidence in a subsequent proceeding in which a breach of this agreement is alleged.

6A.     The Charging Party acknowledges that she has been advised to consult with an attorney, has been given a reasonable time to consider the agreement before signing.

Mediation Settlement Agreement
Kay Watson V. State of Alabama Department of Pardons and Parole
EEOC Charge No. 420 2006 00525
Page 2 of 3

7. As evidence of a good faith effort to resolve EEOC Charge Number 420 2006 00525, the parties agree to the following settlement terms:

Based on the following conditions, the Respondent agrees to rehire the Mrs. Kay Watson in the position of Probation and Parole Officer:

1. Around or about the middle of June 2006, Mrs. Watson must demonstrate that she can pass the required pre-agility and ability physical tests as a prerequisite to employment.

2. Upon successfully passing the aforementioned tests, Mrs. Watson will be rehired in the position of Probation and Parole Officer and will be assigned to the City of Clayton Field Office.

3. Upon Mrs. Watson being rehired, the Respondent agrees to do everything in their power to ensure that Mrs. Watson is assigned to the Jacksonville State Police Academy starting on or about July 16, 2006.

4. One to two weeks prior to the beginning of the Police Academy on or about July 16, 2006, Mrs. Watson must demonstrate again that she can pass the required physical agility and physical ability tests or will be terminated from employment prior to going to the academy.

5. Finally, Mrs. Watson must successfully graduate from the Police Academy to remain employed.


Steve Sirmon
Respondent (Staff Attorney)

5-1-06
Date

Kay Watson
Charging Party

5-1-06
Date

Mediation Settlement Agreement
Kay Watson V. State of Alabama Department of Pardons and Parole
EEOC Charge No. 420 2006 00525
Page 3 of 3

In reliance on the promises made in the above paragraphs, EEOC agrees to terminate its
investigation and to not use the above referenced charge as a jurisdictional basis for a civil
action under Age Discrimination in Employment Act (ADEA), or any other law enforced by the
EEOC. EEOC does not waive or in any manner limit its right to investigate or seek relief in any
other charge including, but not limited to, a charge filed by a member of the Commission against
the Respondent.

On Behalf of the Commission:

_____

Bernice Williams-Kimbrough
District Director

_____5 / 16 / 0 6_____
Date



## Northeast Alabama
## Law Enforcement Academy
### AT JACKSONVILLE STATE UNIVERSITY
### Billy L. Duckett.
### Director
100 Commandants Drive Rm. 214B
Ft. McClellan, AL 36205
PHONE: (256) 782-5318
FAX: (256) 782-5317
WEBSITE: http://lea.jsu.edu



November 2, 2006

Ms. Lee Moss
AL Board of Pardons & Parole
P.O. Box 302405
Montgomery, AL 36130

Dear Ms. Moss:

During the firearms training of the 139th Basic Session, Officer Nyra K. Watson failed to qualify two of the three attempts in firearms. Rule 650-X-4-.01 (e), Alabama Peace Officer Standards and Training Commission (APOSTC) Administrative Procedures/Rules and Regulations, states that any officer who passes one of the three attempts, but fails to pass twice, will be allowed, at the written request of the employing agency, to attend the next available Academy to re-take the forty three (43) hours of firearms training and qualification (provided the trainee passes all other phases of the Academy session and does not exceed the statutory six (6) month provisional appointment time. If the officer fails to pass firearms training at this point, the officer is deemed to have failed the Academy and is barred from employment and certification as a law enforcement officer for two years.

If you wish to schedule Officer Watson for the 43 hours of firearms retraining, please let me know as soon as possible. We will then notify you of the dates and times of the training. If you have any questions concerning this matter or if I can ever be of assistance, please do not hesitate to call.

Sincerely,

Billy Duckett
Director

BLD/kj
Cc: student file
    APOSTC



EXHIBIT
E

**STATE BOARD OF PARDONS AND PAROLES**

**BOARD ORDER**

November _6_, 2006

The Board of Pardons and Paroles met on November ___6___, 2006. The Board Members consist of:  Sidney T. Williams, Chairman, VeLinda A. J. Weatherly, Associate Member, and Robert P. Longshore, Associate Member.

The Board voted to terminate Probation and Parole Officer Nyra Watson for failing to pass the requirements of APOSTC, effective immediately.  Ordered this ___6___ day of November 2006.

**APPROVED:**                                          **DISAPPROVED:**


_____                    _____
Sidney T. Williams                                     Sidney T. Williams
Chairman                                                    Chairman


_____                    _____
VeLinda A. J. Weatherly                            Velinda A. J. Weatherly
Associate Member                                      Associate Member


_____                    _____
Robert P. Longshore                                   Robert P. Longshore
Associate Member                                      Associate Member


EXHIBIT

F




**STATE OF ALABAMA**
**JARD OF PARDONS AND PAROLES**
State Criminal Justice Center
301 South Ripley Street, Building D
P O Box 302405
Montgomery, Alabama 36130-2405
Central Office (334) 242-8700
www.paroles.state.al.us

SIDNEY T. WILLIAMS
Chairman of the Board

ROBERT P. LONGSHORE
Associate Member

VE LINDA WEATHERLY
Associate Member

WILLIAM C. SEGREST
Executive Director

**Monday, November 06, 2006**

STEVE McGILL
Special Member

DON McGRIFF
Special Member

CLIFF WALKER
Special Member

BILL WYNNE
Special Member

Ms. Nyra Kay Watson
2205 9th Avenue
Phenix City, Alabama   36867

Dear Ms. Watson:

Pursuant to my duties as the Executive Director of this agency, I must inform you that the Board of Pardons and Paroles has voted to end your employment with this agency for failing to pass the requirements of APOSTC. Please note the attached Board Order.

The action is to become effective immediately.

You may contact me at 334/242-8700, if you have any questions concerning the Board's actions.

Sincerely,

William C. Segrest
Executive Director

WCS:SS

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2007-00950 |

and EEOC

_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Kay Watson** | **(334) 732-2858** | **09-09-1958** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2205 - 9th Avenue, Phenix City, AL 36867** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **BOARD OF PARDONS AND PAROLES** | **500 or More** | **(334) 242-8700** |

| Street Address | City, State and ZIP Code |
|---|---|
| **P.O. Box 302405, Montgomery, AL 36130** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
**11/06/2006**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I filed a charge of employment discrimination 420-2006-00525. On November 6, 2006, I was discharged by the above referenced employer. By letter dated November 6, 2006, signed by William Segrest, Executive Director, I was informed that my discharge was due allegedly to my failing to pass the requirement of APOSTC. I met this requirement and was scheduled to graduate with my class.

I believe I have been discriminated against in retaliation for having filed a previous charge of employment discrimination in violation of the Age Discrimination in Employment Act (ADEA). To my knowledge, other similarly situated employees were not treated in this manner.

DEC - 4 2006

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 12-1-06          Kay Watson<br>Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

**EXHIBIT**
**G**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street, South, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

The above referenced charge is about to begin the long investigative and legal adjudication process. At this point, the Equal Employment Opportunity Commission invites both parties to pause and seriously consider the possibility of resolving the disagreement through Alternative Dispute Resolution (ADR).

Mediation focuses on a resolution of the underlying dispute by addressing the interest of both parties. It is not a forum for reaching a determination on whether discrimination occurred. Therefore, any agreement reached during mediation does not constitute an admission that discrimination occurred.

There is no fee for mediation. If you are interested in resolving this complaint through mediation you do not need to provide a position statement or requested documentation at this time. If a resolution is reached, an agreement will be signed and the case will be closed. The Charging Party will not be issued a Notice of Right to Sue.

If a charge is not resolved during the mediation process, you will then respond to the charge and it will be processed just like any other charge. Since the entire mediation process is strictly confidential, information revealed during the mediation session cannot be disclosed to anyone including other EEOC personnel. Therefore, it cannot be used during any subsequent investigation.

Please return the signed form within ten (10) days of your receipt of this notice to begin the mediation process.

**You may reach the Alternative Dispute Resolution (ADR) department directly at (205) 212-2146**

## CONSENT TO MEDIATION

The employer is in receipt of Charge No. _H2d2-08700__ filed by _Kay Watson_ against _Bd of Pardn & Parole_ . The employer is interested in resolving this charge through Equal Employment Opportunity Commission's (EEOC) Alternate Dispute Resolution (mediation) process.

We understand that if the charge is selected for mediation, the charge will be mediated by the EEOC ADR Administrator who is a certified mediator or another neutral mediator who is not employed by the Commission.

We understand that the mediation process is voluntary and non-binding. We understand that either the Charging Party or Respondent may opt out of mediation at any time without adversely affecting the way the EEOC will process the charge. If the charge is not resolved through mediation, it will be processed through EEOC's charge processing procedure. Should the charge be resolved through mediation, the EEOC will terminate its processing of the charge. The approximate time for the ADR process is sixty (60) days.

We understand that the mediation process is confidential. The employer will not disclose any information discussed within the mediation process or the outcome of the mediation process. The employer does authorize the mediator to disclose to the EEOC's Birmingham District Office the final results of the mediation process and any benefits received by the complainant. This information is reported for ADR program evaluation purposes only.

If the charge is selected for mediation, the employer agrees to cooperate with the EEOC and the mediator toward resolving the charge.

_____     _____
Signature for the Respondent                 Date

EEOC FORM 131 (5/01)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| **BOARD OF PARDONS AND PAROLES**<br>Attn: William Segrest, Executive Director<br>P. O. Box 302405<br>Montgomery, AL  36130 | **Kay  Watson** |

THIS PERSON (check one or both)

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.
**420-2007-00950**

### NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act

[ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act

[ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by    **08-JAN-07**    a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by                  to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by    **20-JAN-06**
to    **Debra B. Leo, ADR Coordinator, at  (205) 212-2033**
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| **Murry A. Gosa,**<br>Intake Supervisor | **Birmingham District Office - 420**<br>**Ridge Park Place**<br>**1130 22nd Street, South**<br>**Birmingham, AL 35205** |
|---|---|
| *EEOC Representative* | |
| *Telephone*   **(205) 212-2119** | |

Enclosure(s):  [X] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN  [ ] AGE  [ ] DISABILITY  [X] RETALIATION  [ ] OTHER

## See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **December 07, 2006** | **Delner Franklin-Thomas,**<br>**District Director** | *Delner Franklin-Thomas* |

*Enclosure with EEOC*
*Form 131 (5/01)*

# INFORMATION ON CHARGES OF DISCRIMINATION

## EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14   Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates for the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

## NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

**STATE OF ALABAMA**      )
                             )
**MONTGOMERY COUNTY**    )

## AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **Sidney T. Williams,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **Sidney T. Williams** and I am a former Chairman of the Alabama Board of Pardons and Paroles.

"On November 6, 2006, during the course of a regularly scheduled open public meeting, senior staff officials informed us that Probation and Parole Officer Nyra 'Kay' Watson had failed to pass the requirements of APOSTC. We were also informed that this was Ms. Watson's second attempt to pass the requirements of APOSTC, and that Ms. Watson was now barred from attending a police academy for a period of two years. It was this information, and this information alone, which led to my decision to terminate Ms. Watson from her position of Probation and Parole Officer. I expressly deny considering Ms. Watson's age, or any other prohibited basis, when I voted to terminate Ms. Watson. Additionally, I expressly deny that I voted to terminate Ms. Watson in an attempt to retaliate against her, due to her previous EEOC complaint, or for any other reason. "

**SIDNEY T. WILLIAMS**
**CHAIRMAN**

SWORN TO AND SUBSCRIBED before me this _27_ day of
_October_____ 2007.

**NOTARY PUBLIC**
**Commission Expires:** _02-05-08_



EXHIBIT
**H**

STATE OF ALABAMA        )
                                )

MONTGOMERY COUNTY    )

## AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **Robert P. Longshore,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **Robert P. Longshore** and I am currently a member of the Alabama Board of Pardons and Paroles.

"On November 6, 2006, during the course of a regularly scheduled open public meeting, senior staff officials informed us that Probation and Parole Officer Nyra 'Kay' Watson had failed to pass the requirements of APOSTC. We were also informed that this was Ms. Watson's second attempt to pass the requirements of APOSTC, and that Ms. Watson was now barred from attending a police academy for a period of two years. It was this information, and this information alone, which led to my decision to terminate Ms. Watson from her position of Probation and Parole Officer. I expressly deny considering Ms. Watson's age, or any other prohibited basis, when I voted to terminate Ms. Watson. Additionally, I expressly deny that I voted to terminate Ms. Watson in an attempt to retaliate against her, due to her previous EEOC complaint, or for any other reason. "

ROBERT P. LONGSHORE
**ASSOCIATE MEMBER**

SWORN TO AND SUBSCRIBED before me this 29th day of
October_____2007.

NOTARY PUBLIC
**Commission Expires:** 10/30/07

STATE OF ALABAMA            )
                           )
MONTGOMERY COUNTY          )


## AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **VeLinda A. J. Weatherly,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **VeLinda A. J. Weatherly.** I am currently a member of the Alabama Board of Pardons and Paroles with my principle office locate at 301 South Ripley Street, Montgomery, Alabama 36104.

"On November 6, 2006, during the course of a regularly scheduled open public meeting, senior staff officials informed us that Probation and Parole Officer Nyra 'Kay' Watson had failed to pass the requirements of APOSTC. We were also informed that this was Ms. Watson's second attempt to pass the requirements of APOSTC, and that Ms. Watson was now barred from attending a police academy for a period of two years. It was this information, and this information alone, which led to my decision to terminate Ms. Watson from her position of Probation and Parole Officer. I expressly deny considering Ms. Watson's age, or any other prohibited basis, when I voted to terminate Ms. Watson. Additionally, I expressly deny that I voted to terminate Ms. Watson in an attempt to retaliate against her, due to her previous EEOC complaint, or for any other reason."


VeLinda A. J. Weatherly, Associate Member
**Alabama Board of Pardons and Paroles**


SWORN TO AND SUBSCRIBED before me this 29th day of October 2007
2007.


**NOTARY PUBLIC**
Commission Expire: _10/30/07_

STATE OF ALABAMA ⟩
⟩
MONTGOMERY COUNTY ⟩

## AFFIDAVIT

BEFORE ME, the undersigned authority for said County and State, personally appeared **Cynthia Dillard,** who is known to me, and after being duly sworn, deposed and said as follows:

My name is **Cynthia Dillard** and I am a currently the Executive Director of the Alabama Board of Pardons and Paroles. As the Executive Director my duties include seeing that the agency is run in accord with the orders, policies, and procedures set out by the Board.

"On or about November 2nd, 2006 the agency was informed by officials of the Northeast Alabama Law Enforcement Academy that Nyra "Kay' Watson had failed the firearms portion of the academy. This was Ms. Watson's second attempt to successfully complete the police academy and become APOSTC (Alabama Peace Officers Standard and Training Commission) certified. It was my understanding in discussing this matter with other senior officers in the agency that Ms. Watson was now barred from attending another academy for a period of two years, pursuant to APOSTC regulations.

'This information was presented to the Board in their regularly scheduled open public meeting on November 6th, 2006. At that time the Board voted to terminate Ms. Watson's employment with the agency.

'At no time did these discussions involve Ms. Watson's age or the fact that she had previously filed legal actions against the agency. Had Ms. Watson successfully completed the academy she would have become a certified state law enforcement officer with this agency.

'I deny discrimination against Ms. Watson in any way. I specifically deny discriminating against Ms. Watson due to her age or other protected classification. I further deny retaliating against Ms. Watson in any way.

'As the agency's Executive Director I do not have authority to hire or fire employees. The Board is the appointing authority of this agency."

**CYNTHIA DILLARD**
**EXECUTIVE DIRECTOR**
**ALABAMA BOARD OF PARDONS AND PAROLES**

SWORN TO AND SUBSCRIBED before me this 29th day of
October 2007.

**NOTARY PUBLIC**
**Commission Expires:** 10/30/07