IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

KAY WATSON,                      )
                PLAINTIFF,       )
                                 )
VS.                              )        CIVIL ACTION FILE
                                 )
ALABAMA BOARD OF PARDONS         )        NO. 2:07-CV-794-MHT
AND PAROLES and CYNTHIA          )
S. DILLARD, Executive Director,  )
in her official capacity,        )
                DEFENDANTS.      )

**REPORT OF PARTIES' PLANNING MEETING**

1.      Pursuant to Rule 26(f), Fed. R. Civ. P., a meeting was held on November 14, 2006 via internet communication and was attended by:

        Lindsay B. Erwin for Plaintiff, and

        Steve Sirmon for Defendants.

2.      Synopsis of General Claims and Defenses:

Plaintiff:              This civil action is brought in part for monetary relief resulting from discrimination of employment because of age in violation of the Age Discrimination & Employment Act (hereafter "ADEA") 29 U.S.C. § 621 et. seq., 42 U.S.C. § 2000 (e) and for retaliation for having filed charges of discrimination with the EEOC.

                        Plaintiff filed an EEOC claim against the Defendants alleging age discrimination. The merits of the case were successfully mediated whereby the Plaintiff was reinstated conditionally upon completion of training for her position. Plaintiff was eventually terminated from her position for failure to complete the

requirements, although all requirements had been met and she was scheduled to graduate with her class from the Academy training.  Plaintiff asserts that the Defendants' actions by terminating her employment based on her alleged non-completion of the requirements as set forth in the mediation settlement was in retaliation for filing the earlier charge of discrimination.

Plaintiff shows that, at all relevant times herein, she was participating in protected activities as contemplated by the ADEA in that she complained to the EEOC about discriminatory practices committed against her by the Defendants due to her age.  Plaintiff shows further that the adverse actions taken by Defendants against Plaintiff were causally connected to Plaintiff's participation in the legally protected activities. Furthermore, the actions of the Defendants against the Plaintiff were retaliatory and a direct and proximate cause of the age discrimination complaints filed by the Plaintiff against the Defendants.

<u>Defendants:</u>    Plaintiff brings this action against Defendants under the Age Discrimination and Retaliation statutes.

The State 11th Amendment immunity bars this action.

Plaintiff failed to state a claim against the Parole Board's Executive Director, who is without authority to take the adverse action cited in the complaint.

Plaintiff failed to timely file her complaint against Defendants.

Plaintiff attempts to bring Age Discrimination claims that were successfully mediated and settled in a prior E.E.O.C. complaint, leaving only her retaliation claims properly before the Court.

Plaintiff has failed to plead a prima facie case for Age Discrimination by demonstrating that she was qualified for the position she sought. Defendants submit they had a legitimate business reason for the adverse employment action. Plaintiff further failed to demonstrate that she was similarly situated with other employees who received more favorable treatment.

Plaintiff failed to plead a prima facie case for retaliation. Plaintiff has failed to demonstrate that there is any casual connection between her filing an E.E.O.C. complaint and the adverse employment action.

Plaintiff failed to timely file her Title VII claims after receiving notice of her right to sue from E.E.O.C..

Plaintiff failed to mitigation her damages by resigning from her clerical position with the agency upon failing to qualify for the law enforcement position.

3.    <u>Initial Disclosures:</u>    The parties will exchange by <u>December 19, 2007,</u> the information required by Fed. R. Civ. P. 26(a)(1).

4.    <u>Discovery Plan:</u>    The parties jointly propose to the Court the following discovery plan:

a.    Discovery shall be commenced in time to be completed by <u>April 23, 2008;</u>

b.    Maximum of <u>40</u> interrogatories by each party to any other party, responses to which shall be due <u>30</u> days after service;

c.    Maximum of <u>40</u> requests for admission by each party to any other party, responses to which shall be due <u>30 </u>days after service;

d.    Each deposition limited to a maximum of <u>7</u> hours unless extended by agreement of the parties;

e.      Reports from retained experts under Rule 26(a)(2) are due;

From Plaintiff:          February 18, 2008

From Defendant:          March 17, 2008

Supplementation under Rule 26(e) are due <u>30</u> days before the close of discovery.

5.      <u>Other items</u>:    The parties do not request a conference with the Court before the entry of the scheduling Order.

The parties request a pretrial conference on <u>June 27, 2008</u>.

The Plaintiff should be allowed until <u>January 30, 2008</u> to join additional parties and amend the pleadings.

The Defendant should be allowed until <u>February 28, 2008</u> to join additional parties and amend the pleadings.

All potentially dispositive motions should be filed by <u>May 12, 2008</u>.

Final witness and exhibit lists under Rule 26(a)(3) shall be due:

From Plaintiff:          <u>15</u> days prior to trial;

From Defendant:          <u>15</u> days prior to trial.

Parties shall have <u>7</u> days after service of final witness and exhibit lists to object under Rule 25(a)(3).

The case should be ready for trial by <u>July 28, 2008 </u>in Montgomery, Alabama, and at this time is expected to take approximately <u>4</u> days.

Respectfully submitted this 15th day of November, 2007.


   */s/ Lindsay B. Erwin*
Lindsay B. Erwin, ASB-5299-y59e
Meacham, Earley & Fowler, P.C.
1912 Opelika Road
Phenix City, Alabama  36867
Tel:  (334) 448-6217
Fax:  (334) 448-5785


s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov