**UNITED STATES DISTRICT COURT**

MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

February 27, 2008

# NOTICE OF CORRECTION

**From:   Clerk's Office**

**Case Style:    Watson v. Alabama Board of Pardon & Paroles et al**

**Case Number:    2:07-cv-00794-MHT**

**This Notice of Correction was filed in the referenced case this date to correct erroneous attachment #1  PDF document previously attached by E-Filer.**

**The corrected PDF document for attachment #1 to docket entry 13 is attached to this notice for your review.   Reference is made to document # 13  filed on   February 19, 2008.**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| Kay Watson,<br>    Petitioner, | )<br>)<br>)<br>) |  |
| Vs. | )<br>)<br>) | Case # 2:07-CV-794 |
| Alabama Board of Pardons<br>And Paroles and Cynthia<br>Dillard,<br>    Respondents. | )<br>)<br>)<br>)<br>)<br>) |  |

MEMORANDUM BY RESPONDENT
IN SUPPORT OF MOTION TO DISMISS

Come now the Alabama Board of Pardons and Paroles (hereafter "the Board") and its Executive Director, Cynthia Dillard (hereafter "Ms. Dillard"), denying all averments, not expressly admitted, in Plaintiff's complaint alleging wrongful employment action, discrimination, or retaliation. In response to Plaintiff's claims the following is submitted:

## FACTS

The Plaintiff, hereafter Ms. Watson, was employed as an Administrative Assistant (ASA) with the Alabama Board of Pardons and Paroles in February 2000. She applied for and was hired as a Probation and Parole

Officer I on August 2005. State law enforcement officers must comply with the Alabama Peace Officers Standard and Training Commission requirements in order to be *certified* as a state law enforcement officer **(Exhibit A)**. This requires successfully completing a certified police academy. Ms. Watson was scheduled to attend the Northeast Alabama Law Enforcement Academy located on the campus of Jacksonville State University in September 2005, but failed the agency's pretest resulting in her not attending the academy as scheduled. She was returned to her ASA (Administrative Assistant) position with the agency.

In November 2005 Ms. Watson was again hired as a Probation and Parole Officer I and rescheduled for attendance to the Northeast Alabama Law Enforcement Academy in January 2006. She failed the Physical Fitness Entrance Standards at the academy and was removed from the academy **(Exhibit B)**. Ms. Watson was in the process of being returned to her ASA position, but chose to resign instead on February 2, 2006 **(Exhibit C)**.

2

In March 2006 Ms. Watson filed an E.E.O.C. complaint alleging Age Discrimination – she claimed she was being treaded differently than others that were younger than her. The E.E.O.C. complaint was successfully mediated on May 1, 2006 and accepted by the Bernice Williams-Kimbrough, District Director, Equal Employment Opportunity Commission on May 10th, 2006 **(Exhibit D)**. Pursuant to the mediation agreement the agency rehired Ms. Watson as a Probation and Parole Officer I and scheduled her to attend the Northeast Alabama Police Academy in July 2006. The mediation agreement required Ms. Watson to "successfully graduate from the police academy to remain employed."

On November 1, 2006 the academy, by phone, notified the agency's training director, Lee Moss, that Ms. Watson had *not* successfully completed the firearms portion of the academy. The academy subsequently sent written notice of Ms. Watson's failure, by letter dated November 2nd, 2006, to Lee Moss **(Exhibit E)**. The November 2nd, 2006 letter from the academy clearly states Ms. Watson failed to successfully complete the firearms portion of the academy. It further states that

3

upon "written request by the employing agency" Ms.
Watson could be sent to the next available academy to
retake the firearms portion of the academy. (Note: this
letter did not take into consideration that Ms. Watson
was already attending her second academy).  (See
Exhibit A, Rule 650-X-4-.04 Failure to Complete
Training).

This information was presented to the Board on
November 6th, 2006 and they voted to terminate Ms.
Watson's employment as a Probation and Parole Officer I
**(Exhibit F).**

Ms. Watson filed an E.E.O.C. complaint alleging
retaliation on December 1st, 2006 **(Exhibit G)**. She
received a right to sue letter from the E.E.O.C. on
June 4th, 2007 and brought the action at bar on
September 4th, 2007.

Affidavits from Board members Sidney Williams,
Robert Longshore, VeLinda Weatherly and their Executive
Director, Cynthia Dillard, denying Ms. Watson's
allegations are submitted herein, respectively **(Exhibit
H, I, J, K).**

**EXHIBITS**

Exhibit A      APOSTC Administrative Code

Exhibit B      Academy memo dated 1-11-06 – Watson failed

Exhibit C      Watson's resignation dated 2-2-2006

Exhibit D      E.E.O.C. Age Discrimination settlement dated 5-10-06

Exhibit E      Academy letter dated 11-2-06 – Watson failed

Exhibit F      Board Order terminating Watson, dated 11-6-2006

Exhibit G      Watson's EEOC complaint dated 12-1-2006

Exhibit H      Affidavit of Sidney Williams

Exhibit I      Affidavit of Robert Longshore

Exhibit J      Affidavit of VeLinda Weatherly

Exhibit K      Affidavit of Cynthia Dillard

**RESPONDENT'S ARGUMENTS AND DEFENSES**

*STATE 11th Amendment Immunity: (ADEA did not abrogate)*

The Board denies the material averments in Ms. Watson's complaint and demand strict proof thereof.

In passing the Age Discrimination and Employment Act (ADEA), Congress did not abrogate states' Eleventh Amendment Immunity from suit by private individuals. *Kimel v. Florida Board of Regents et al., 528 U.S. 62 (2000); Raygor v. Regents of the University of Minnesota, 534 U.S. 533 (2002).*

5

The Board of Pardons & Paroles is an agency of the State of Alabama[1] and is absolutely immune from suit. The Board is not a person acting under the color of state law for purposes of this action.

The Board is entitled to Eleventh Amendment immunity. The State does not and can not consent to be sued. See *Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057 (1978). Art. I, § 14 of the Alabama Constitution* provides that "the State of Alabama shall never be made a defendant in any court of law or equity.

**Ms. Dillard's 11th Amendment Immunity:**

Cynthia Dillard denies the material averments in Ms. Watson's complaint and demand strict proof thereof. Cynthia Dillard, Executive Director of the Alabama Board of Pardons and Paroles, is entitled to Eleventh Amendment immunity in her official capacity where money damages are sought, as this is in effect a suit against the State of Alabama. See *Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057 (1978)*. Ms. Dillard incorporates by reference the states' immunity arguments, supra.

---

[1] The Board acts as an arm of the Legislature. The powers it exercises were taken from the Governor by Amendment 38 of the Alabama Constitution in 1939.

***Ms. Dillard Lacked Authority to Take Adverse Employment Action against Petitioner:***

The Board's Executive Director, Cynthia Dillard, is without authority to take an adverse employment action against Ms. Watson. The Board is the appointing authority of the agency. *Ala. Code §15-22-21.* The executive director serves to carry out the policies, procedures, and directive of the Board. The Executive Director of the agency is without authority to demote or terminate an employee.

Nor is the Board's Executive Director an employer as defined in Title VII. Ms. Dillard does not employ anyone with the agency, again this is a Board function.

***Barred by 180 Day Time Limit:***

The E.E.O.C. requires a claim be brought within 180 days of its occurrence. Ms. Watson filed an E.E.O.C. complaint against the Board on March 9th, 2006 alleging age discrimination. That claim was successfully mediated on May 1st, 2006 and accepted by the E.E.O.C. authorities on May 10th, 2006.

Ms. Watson filed a second E.E.O.C. claim on December 1st, 2006 alleging retaliation for having filed

the first claim. Her allegations, now before the Court, that occurred prior to June 1st, 2006 are barred by the 180 day filing requirement. *Pijnenburg v. West Georgia Health Sys., Inc., 255 F.3d 1304, 1305 (11th Cir.2001)* It is settled law that in order to obtain judicial consideration of [a Title VII] claim, a plaintiff must first file an administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred.

Ms. Watson fails to allege in her complaint any action by the Board between June 1st and December 1st, 2006, except the November 6th, 2006 termination. Her only claim, not barred, is the retaliation claim cited in the December 1st, 2006 E.E.O.C. complaint concerning her November 6th, 2006 termination.

**Barred By E.E.O.C. Settlement:**

All of Ms. Watson's claims occurring before May 10th, 2006 are barred by the mediation agreement between the parties, which was accepted by Bernice Williams-Kimbrough, District Director, E.E.O.C. on May 10th, 2006 (*Exhibit D)*. The Board complied with the agreement in

full. The mediation agreement bars Ms. Watson from
bringing those claims now.

The only claims remaining before this Court are
those raised in Ms. Watson's E.E.O.C. complaint dated
December 1st, 2006 – retaliation *(Exhibit G)*.

**Failure to Plead Prima Facie Case for Discrimination:**

The Board submits that Ms. Watson's age
discrimination claims are not properly before the
Court. Even if Ms. Watson's discrimination claim was
properly before the Court, she has failed to establish
a prima facie case of discrimination. There are three
methods by which a plaintiff may establish a prima
facie case of discrimination: by direct evidence of
discriminatory intent; by meeting the test originally
set out for Title VII cases in *McDonnell Douglas Corp.
v. Green, 411 U.S. 792, 93 S.Ct.1817, 36 L.Ed.2d 688
(1973)*; or by statistical proof of a pattern of
discrimination. *Verbraeken v. Westinghouse Electric
Corp., 881 F.2d 1041, 1045 (11th Cir. 1989).* Ms. Watson
has failed to allege facts supporting her conclusory
allegation of discriminatory animus. The Board and Ms.
Dillard have offered affidavits denying any intent to

discriminate or retaliate against Ms. Watson in any action they may have taken concerning Ms. Watson *(Exhibit H)*.

Nor has Ms. Watson presented any statistical proof of a pattern of discrimination.

Therefore, to establish a prima facie case Ms. Watson must utilize the *McDonnell Douglas* test by showing: (1) she is a member of a protected group; (2) that she was subjected to adverse employment action; (3) that a person outside the protected group was offered the former position instead; and (4) that plaintiff was qualified for the position.

The Parole Board submits that Ms. Watson failed to establish that she is qualified for the Probation and Parole Officer I position.[2]

Ms. Watson was scheduled to go to the police academy in September 2005, but failed the agency's physical pre-test and was withdrawn from the academy prior to it starting. This attempt did not qualify as attending the academy.

---

[2] Ala. Code §36-21-46 requires state law enforcement officers to complete the required course of training established by the Alabama Peace Officers Standards and Training Commission to become certified as a state law enforcement officer. (See requirements – Exhibit A).

She was again scheduled for and attended the police academy in January 2006, where she failed the physical fitness qualifications. (See *Exhibit B*).

Ms. Watson was again scheduled for and attended the police academy in July 2006, where she failed the firearms portion of the academy. (See *Exhibit E*).

Ms. Watson never completed the Alabama Peace Offices Standards and Training Commission's required course of training. The Commission's Administrative Code prohibited Ms. Watson from attending further academies for a period of two years. Commission *Rule 650-X-4.-01 (3)(e)(2)* states:

> "Any trainee who passes one of the three attempts, but fails to pass twice, will be allowed, at the written request of the employing Agency, to attend the next available academy to re-take the forty three (43) hours of firearms training and qualification (provided the trainee passes all other phases of the academy session and does not exceed the statutory six (6) month provisional appointment time). If the trainee fails to pass firearms training at this point, the trainee is

deemed to have failed that Academy and is barred
from employment and certification as a law
enforcement officer for two years."

This rule applies to persons attending their *first*
academy, who fail the firearms portion to the training.
A person in their *second* academy does not have this
option. This is evidenced by Commission *Rule 650-X-4.-
04* which states:

"Should a trainee fail academically or physically,
the hiring agency may request that the trainee be
allowed to attend another session. An applicant is
eligible two attempts of completion of the
academy. *If an applicant fails the academy twice,
the applicant is ineligible to attend an academy
for a period of two years from the date of the
failure of the second academy attempt.* If after
two years, the applicant is again employed as a
law enforcement officer, a new application package
is required. This does not exempt the applicant
from Rule 650-X-2-.01)."

Ms. Watson failed the academy that started in January 2006 and failed the academy that started in July 2006. The above cited Commission rules bar Ms. Watson from attending the academy a *third* time for a period of two years from the date of her last failure.

Ms. Watson claims she was told by an academy official that she could graduate with her academy class that began July 2006. This may or may not be true. However she knew she could not become APOSTC certified as a state law enforcement agent until she passed all the requirements of the academy, which she had not done. The only way she could accomplish this was for the agency to agree to send her to the firearms portion of a third academy, which they were barred from doing by APOSTC rules (*Rule 650-X-4.-04*). It is unfortunate if Ms. Watson got mixed signals from the academy, but that does not change the position of the agency, nor does it constitute discrimination or retaliation by the agency.

The Board and Ms. Dillard submit that Ms. Watson never *qualified for the position* she sought, nor provided any evidence of *intent* to discriminate, and,

therefore, can not establish her prima facie case of discrimination.

***Legitimated business reason for termination:***

Even if Ms. Watson could establish a prima facie case of discrimination, the burden is then upon the Board to offer a legitimate, non-discriminatory reason for its decision to terminate Ms. Watson's employment on November 6th, 2006.

The Board scheduled Ms. Watson for three academies – September 2005, January 2006, and July 2006. She was withdrawn from the September 2005 academy, prior to attending, for failing the physical pretest with the agency. This did not count as an attempt at the academy. She failed the physical fitness portion of the academy beginning in January 2006 *(Exhibit B)* and the firearms portion of the of the academy beginning in July 2006 *(Exhibit E)*.

The Board stated its reason for terminating Ms. Watson's employment in its order dated November 6th, 2006 – "The Board voted to terminate Probation and Parole Officer Nyra Watson for failing to pass the

requirements of APOSTC, effectively immediately."[3]
*(Exhibit F)*.

After Ms. Watson's first failure to complete the
academy, January 2006, she filed an E.E.O.C. claim
against the agency. The agency mediated this claim to a
settlement that obligated the Board to send Ms. Watson
to the second academy in July 2006 *(Exhibit D)*. The
fifth condition cited in the mediation agreement
stated, "Finally, Mrs. Watson must successfully
graduate from the Police Academy to remain employed."
Ms. Watson failed to accomplish this goal. The academy
notified the agency that Ms. Watson did not
successfully graduate and would have to attend yet
another academy, her third, to do so. Note: Failing the
academy twice bars the employee for two years. See
*Commission Rules, supra.*

The Board had a legitimate business reason to
terminate Ms. Watson. In fact, the Board was legally
obligated to terminate Ms. Watson, pursuant to cited
APOSTC rules *(Exhibit A - Rule 650-X-4.-04)*. These

---

[3] APOSTC – Alabama Peace Officers Standards and Training Commission.

rules prohibit Ms. Watson from attending another academy for two years for failing two academies.

***Failed to establish she is similarly situated:***

Ms. Watson alleges, in her first E.E.O.C. complaint dated March 9th, 2006, others were more favorably treated than she and that the adverse treatment was due to her age. Ms. Watson does not name the others in her complaint but list the time period when they all failed the agency's physical pretest. The agency records reflect that the three employees to whom Ms. Watson refers are Ashley Farmer, Rochetta Celeste Richardson, and Askisha Jones. Ms. Watson argued this issue in her E.E.O.C. complaint dated March 9th, 2006, which was successfully mediated. These matters are now barred as previously settled and they are outside the 180 day period in which they may be raised to give this Court jurisdiction in the case at bar. For the Court's information all three of the named employees retested and passed the agency's physical pretest and went on to their first academy. All failed. Ms. Richardson resigned, Ms. Farmer went to a second academy, failed again and is not longer with the agency, and Ms. Jones

went to a second academy passed and remains with the agency. None of these three employees were allowed to fail two academies and then go to a third. Ms. Watson seeks to be treated differently than others by being allowed to attend a third academy.

Though not named, nor properly plead in the complaint, are four other employees. Ms. Watson attended a police academy in July 2006 while four other employees were attending either the same or different academies. They all failed their respective academy. Ms. Watson was not similarly situated with these employees either. They were attending their first academy, while Ms. Watson was attending her second. All failed. Ms. Watson was terminated. The others were allowed to attend a second academy. All four passed and remained employed. None of these employees attended a third academy, which is prohibited by APOSTC rules.

Ms. Watson has failed to establish that she was similarly situated with other employees who were treated more favorably than she in her attempt to establish her discrimination claim.

**Failed to Plead Prima Facie Case for Retaliation:**

After being terminated November 6th, 2006 Ms. Watson filed an E.E.O.C. claim of retaliation. She received a right to sue letter that led to the action at bar. To establish a prima facie case of retaliation under Title VII, Ms. Watson must show (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse employment action; and (3) that there is some causal relation between the two events. *Cooper v. Southern Co.*, 390 F.3d 695, 740 (11th Cir.2004) (quoting *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1021 (11th Cir.1994).

Ms. Watson has failed to show any relationship between her being terminated and her filing of the E.E.O.C. complaint dated March 9th, 2006. She raises only conclusory allegations that are insufficient to state a claim.

If Ms. Watson had established a prima facie case of retaliation, the burden shifts to the Board to articulate a legitimate, nondiscriminatory reason for Ms. Watson's termination. *See Berman v. Orkin*

*Exterminating Co.*, 160 F.3d 697, 701-02 (11th
Cir.1998).

As stated above, the Board scheduled Ms. Watson
for three academies – September 2005, January 2006, and
July 2006. She was withdrawn from the September 2005
academy prior to attending for failing the physical
pretest with the agency. This did not count as an
attempt at the academy. She failed the physical fitness
portion of the academy beginning January 2006 and the
firearms portion of the academy beginning July 2006.
The Board stated its reason for terminating Ms.
Watson's employment in its order dated November 6th,
2006 – "The Board voted to terminate Probation and
Parole Officer Nyra Watson for failing to pass the
requirements of APOSTC, effectively immediately."[4]
*(Exhibit F).*

The Board had a legitimate business reason to
take the adverse employment action against Ms. Watson.
In fact, the Board was legally obligated to terminate
Ms. Watson, pursuant to APOSTC rules (*Exhibit A - Rule
650-X-4.-04*). These rules prohibit Ms. Watson from

---

[4] APOSTC – Alabama Peace Officers Standards and Training Commission.

attending another academy for two years for failing two academies. Even if the Board had discriminated and retaliated against Ms. Watson, the result would have been the same since she is prohibited by APOSTC from being a certified law enforcement officer until she passes the Commission's standard training.

Since the Board has articulated a legitimate reason the onus shifts back to Ms. Watson to raise a genuine factual issue as to whether that proffered reason is merely a "pretextual ruse to mask a retaliatory action. *Raney v. Vinson Guard Serv., Inc., 120 F.3d 1192, 1197 (11th Cir.1997)*.

The Board submits Ms. Watson can not meet this burden. To do so Ms. Watson would have to show that the Board's compliance with state law and APOSTC regulations concerning eligibility for becoming a state law enforcement officer is nothing more than a "pretextual ruse to mask a retaliatory action."

**Barred by 90 Day Time Limit:**

Ms. Watson has the burden of proof to establish she filed her Title VII claim, relating to her November 6th, 2006 termination, is within 90 days of receiving

notice of her right to sue from the E.E.O.C. or her allegation is time-barred. *See Green v. Union Foundry Co., 281 F.3d 1229, 1234 (11th Cir.2002)*.

In her complaint Ms. Watson states,"On or about June 4, 2007, the EEOC issued a determination on the retaliation charge. The EEOC issued Notice of Suit Rights to Plaintiff on or about June 4, 2007." (P.2,Par.6, Compl.). The Complaint was filed on September 4th, 2007, ninety one (91) days later. Ms. Watson has filed to prove she met the 90-day requirement for filing this action.

**Failure to Mitigate Damages:**

Ms. Watson was employed with the agency from February 2000 until she resigned on 2-2-2006. After failing her first academy in January 2006, the Board voted to demote Ms. Watson to her prior position with the agency – administrative assistant (ASA). Ms. Watson chose not to accept the demotion and resigned from the agency *(Exhibit C)*. By so doing she failed to mitigate her damages concerning her complaints against the agency.

*Amend Complaint and Add Parties:*

According to the scheduling order issued by this Court the deadline to file an amended complaint or add parties was January 30, 2008. Ms. Watson has sued the Board, a state agency, and Ms. Dillard in her official capacity. Both actions are barred by the State's 11th Amendment immunity. Absent an amended complaint, this case is ripe for dismissal pursuant to *Rule 12(b)(6), Fed.R.Civ.Proc.* for failing to state a claim; or as a matter of law pursuant to *Rule 56, Fed.R.Civ.Proc.*

## CONCLUSION

This action is barred by the states 11th Amendment immunity to such a suit against the Board and Ms. Dillard, in her official capacity. The time period to amend the complaint has passed.

Petitioner's age discrimination claims were settled in mediation and now time barred by the 180-day filing requirement with E.E.O.C.

Petitioner failed to properly plead a prima facie case for age discrimination or retaliation. She has

further failed to show she was treated differently than others similarly situated.

The Board had a legitimate business interest in terminating Petitioner's employment.

Petitioner has failed to show she filed her E.E.O.C. retaliation claim with the Court within the 90-day time period required.

Petitioner failed to mitigate her damages by resigning from the agency in February 2006.

Premises considered, the Respondents are entitled to have this action dismissed pursuant to *Rule 12(b)(6), Fed.R.Civ.Proc.* for failing to state a claim or, in the alternative, to have the Court grant summary judgment in favor of Respondents as a matter of law, pursuant to *Rule 56, Fed.R.Civ.Proc.*.

Respectfully submitted,

TROY KING.
ATTORNEY GENERAL
KIN047

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL
GRI026

```
                    s/STEVEN M. SIRMON
                    ASSISTANT ATTORNEY GENERAL
                    State Bar#: ASB-5949-S61S
                    Ala. Bd. Pardons and Paroles
                    P.O. Box 302405
                    Montgomery, Alabama 36130
                    Telephone: (334) 242-8700
                    Fax: (334) 353-4423
                    Steve.Sirmon@alabpp.gov
```

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

```
        Kay Watson c/o Lindsey B. Erwin
        Meacham, Earley & Flower, P.C.,
        5704 Veterans Parkway
        Columbus, GA  31094
```

I further certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants, individually: (None)

Done this 19th day of February, 2008.

Respectfully submitted,

24

s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov