IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| KAY WATSON, ) | |
|     PLAINTIFF, ) | |
| ) | |
| VS. ) | CIVIL ACTION FILE |
| ) | |
| ALABAMA BOARD OF PARDONS ) | NO. 2:07-CV-794-MHT |
| AND PAROLES and CYNTHIA ) | |
| S. DILLARD, Executive Director, ) | |
| in her official capacity, ) | |
|     DEFENDANTS. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
TO DISMISS OR IN THE ALTERNATIVE MOTION
FOR SUMMARY JUDGMENT**

Comes now, Plaintiff, Kay Watson, in the above-styled case, and submits the following Response to Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment and states as follows:

I) **SUMMARY OF CASE AND UNDISPUTED FACTS**

Plaintiff is a 48 year old female who was employed by the Alabama Board of Pardons and Paroles as an Administrative Support Assistant. In 2005, Plaintiff was promoted to Probation and Parole Officer whereby she had to complete the numerous requirements in which to sustain that position. In September 2005, the Plaintiff was not able to pass the Pre-Agility test in which to secure placement at the Academy. This attempt did not qualify as attending the Academy and was not categorized as a failing of the Academy. Plaintiff was the only employee who was demoted for not passing the test while others who failed were allowed to continue in their current positions.

The Plaintiff then filed an E.E.O.C. action which was successfully mediated on certain terms and conditions. (See Plaintiff's Exhibit "A": Mediation Settlement Agreement). Upon the terms of the mediation agreement Ms. Watson was able to pass the Pre-Agility Test and was sent

to Jackson State Policy Academy on July 16, 2006. The last stipulation of the Agreement was that the Plaintiff was to successfully complete the Police Academy to remain employed with the Alabama Board of Pardons and Paroles. Upon the 12 weeks of training the Plaintiff successfully completed all of the minimum requirements of the Alabama Peace Officers Standards in Training Commission (hereinafter "APOSTC"). She was notified that she would be graduating with her class the following week.

In November of 2006, Plaintiff received a letter stating that her employment with the Alabama Board of Pardons and Paroles was terminated for failing to pass the requirements of APOSTC (see Plaintiff's Exhibit "B" – Letter of Termination). Plaintiff timely filed a charge of discrimination based on retaliation on December 1, 2006, at which time the E.E.O.C. issued a determination that they could not make a determination but that the Plaintiff could proceed with further action.

II)     **STANDARD OF REVIEW**

A party in a lawsuit may move a court to enter summary judgment before trial. FED. R. CIV. P. 56(a) and (b). Summary judgment is appropriate when the moving party establishes that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Gonzalez v. Lee County Housing Authority,* 161 F.3d 1290, 1294 (11th Cir.1998). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Only disputes about those facts will preclude the granting of summary judgment. *Id.* A material fact is one "that might affect the outcome of the suit under governing law," and a dispute about a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.; see also Slomcenski v. Citibank, N.A.,* 432 F.3d 1271, 1277 (11th Cir.2005) (quoting *Hudgens v. Bell Helicopters/Textron,* 328 F.3d 1329, 1344-45 (11th Cir.2003)) ("In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is 'such that a reasonable jury could return a verdict for the nonmoving party.' "). Thus, the initial burden of proof rests on the movant. *Celotex,* 477 U.S. at 325; *Gonzalez,* 161 F.3d at 1294. This burden is satisfied when the movant shows that if the

evidentiary record were reduced to admissible evidence at trial, it would be insufficient to permit the non-movant from carrying its burden of proof. *Celotex,* 477 U.S. at 322-23. The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County, Georgia,* 684 F.2d 1365, 1369 n. 5 (11th Cir.1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.,* 632 F.2d 539, 556 (5th Cir.1980)). Once the movant meets its burden under Rule 56, the non-movant must designate specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lejaun v. Nat'l Wildlife Federation,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The party opposing summary judgment must respond by setting forth specific evidence in the record and articulating the precise manner in which that evidence supports his or her claim, and my not rest upon the mere allegations or denials of the pleadings. FED. R. CIV. P. 56(e); *Johnson v. Board of Regents of University of Georgia,* 263 F.3d 1234, 1264 (11th Cir.2001).

In determining whether a genuine issue for trial exists, the court must view all the evidence in the light most favorable to the non-movant. *Johnson,* 263 F.3d at 1242-43; *Smith v. F.D.I. C.,* 61 F.3d 1552, 1562 n. 18 (11th Cir.1995) (on summary judgment, the court resolves all reasonable doubts about the facts in favor of the nonmovant). If the non-moving party fails to make a showing sufficient to establish the existence of an element essential to its case on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex,* 477 U.S. at 322-23.

    III)    **RESPONSES TO DEFENDANTS' ARGUMENTS**

    A)    **State is not immune under Title VII of the Civil Rights Act of 1964.**

It is well established that the State does not have immunity under a Title VII claim, even when the claim is that of retaliation. *Fitzpatrick v. Bitzer*, 247 US 445, 96 S. Ct. 2666, 49 L. Ed 2d 614 (1976); *Downing v. Board of Trustees of the University of Alabama,* 321 F.3d 1017 (11th Cir. 2003). Even if the Defendant Alabama Board of Pardons and Paroles is immune under the

ADEA, it does not elude liability under Title VII based on the retaliation of the previously filed ADEA claim.

Wherefore, the Defendant Alabama Board of Pardons and Paroles is not immune from this lawsuit based under the Title VII claim of retaliation.

      **B)**     **Cynthia Dillard is not immune under the 11th Amendment in her official capacity as Executive Director of the Alabama Board of Pardons and Paroles.**

If the State is found to be exempt from the Rule of Sovereign Immunity, a state official is also not immune from an action that "seeks to enjoin a state official from enforcing unconstitutional laws." *Ex Parte Alabama DOT*., 207 Ala. LEXIS 137 (2007). This is but one exception in which an individual can be found liable in his/her official capacity, but not individually. Because the Alabama Board of Pardons and Paroles is not immune under the Title VII claim then the state official is not immune in her official capacity because the claims Plaintiff makes are constitutionally protected rights under Title VII. Ms. Dillard was not sued individually but only in her official capacity as Executive Director of the Alabama Board of Pardons and Paroles at which time all events that occurred were under her supervision.

      **C)**     **Plaintiff properly filed an E.E.O.C. claim within 180 days of the occurrence on March 9, 2006, and is not barred by the prior Mediation Settlement.**

The Plaintiff's first claim of age discrimination was mediated in May of 2006 at which time the Plaintiff was allowed to return to work on the basis that the Plaintiff must successfully graduate from the Police Academy to remain employed. The Plaintiff filed a second E.E.O.C. claim on December 1, 2006 based on retaliation from her previously filed claim when she was improperly fired in November of 2006. Both charges were filed within the 180 days of the occurrence that warranted the filing of the claim with the E.E.O.C.

The Mediation Agreement states that the Plaintiff is to pass the APOSTC standards in which she successfully did, but she was still terminated. (See Exhibit "A"). The Defendants breached the Mediation Agreement from the first E.E.O.C. claim because the Plaintiff did

successfully complete the minimum Academy requirements but was not given the opportunity that the other candidates were given.

Because the Defendants have failed to honor the terms of the Mediation Agreement, not only did they breach the Mediation Settlement, but Plaintiff was improperly terminated when the Defendants failed to allow her to follow through and complete all requirements before they terminated her. The Plaintiff failed the first attempt of APOSTC requirements but at the second attempt (which she was offered through the Mediation Agreement), she was not allowed to conclude the course before being terminated. As stated in a letter from Billy Duckett, Director of North East Alabama Law Enforcement Academy dated November 2, 2006, Ms. Watson would be able to complete the firearm standards within the next six months. (See Plaintiff's Exhibit "C" : Letter from Billy Duckett to Lee Moss). She has passed the minimum requirements by APOSTC standards and was scheduled to graduate with her class just as others who had to complete the firearms within six months (see Exhibit "C").

As stated in Commission Rule 650-X-4.-01(3)(e)(2): "A trainee who passes one of the three attempts but fails to pass twice will be allowed ... to re-take the forty-three (43) hours of firearms qualification (provided the trainee passes all other phases...". The one of the three attempts as stated above is firearms requirements only. Not the failing of the academy as a whole. Ms. Watson met these requirements but was still terminated terminated. This Rule does not apply to the Academy as a whole, but to the specific requirements for firearm qualification as is evidenced in Mr. Duckett's letter stating the Plaintiff had six months in which to be certified a second time. The Plaintiff did not fail any portion of APOSTC standards. The minimum requirement to graduate is one out of three qualifications of the firearms so long as you pass everything else. The Plaintiff did and was scheduled to graduate but was wrongfully terminated when the Alabama Board of Pardons and Paroles did not apply Commission Rule 650-X-4.01(3)(e)(2).

At no point did the Plaintiff fail the Academy twice but was not afforded the opportunity to complete the Academy when the Defendants violated the Mediation Agreement even though other candidates in the Plaintiff's position were allowed to continue their training within the 6 months allowed.

Plaintiff properly filed the E.E.O.C. claims within 180 days of the occurrences, and upon the Defendants breach of the mediation settlement they retaliated against the Plaintiff in falsely accusing the Plaintiff of failing.  Because of said breach the claims are properly brought before this Court.   Plaintiff's claim of age discrimination and/or retaliation are not barred by the E.E.O.C. Mediation Agreement when the reoccurrence of the acts alleged were continual and retaliatory in her termination of employment.

> D)   **Plaintiff has properly plead a prima facie case of discrimination and retaliation as defined by McDonnell V. Green.**

The salient case on proving intentional discrimination under Title VII is the case of *McDonnell Douglas Corp. v. Green*.  411 U.S. 792 (1973).  To establish a prima facie case, the Plaintiff must show the following: "that she belongs to a minority group; that she applied for and was qualified for a job which the employer was seeking applicants; that despite her qualifications, she was rejected or denied the position; and that after her rejection the position remained open and the employer continuously sought applicants with the same qualifications." *Id*.  The Court further states "the facts necessarily will vary in Title VII cases of the prima facie proof required from the Respondent, but not necessarily applicable in every respect to different factual situations" *Id* at 802.   It has been long standing that a prima facie case of discrimination is a factual question. *Stanfield v. Answering Services, Inc*., 867 S.2d 1290 (11th Circuit 1989).

In the case before you today, the Plaintiff Watson is in a protected group of age in which she was discriminated against, and further retaliations were taken upon that discrimination.  The Plaintiff was qualified for the job and was taking all necessary steps to maintain her position.  Despite being qualified she was terminated before conclusion of the training in which she was receiving. Plaintiff qualified for her possession by passing the APOSTC's requirements of one out of three attempts for the firearms qualifications, and had six more months in which to qualify a second time.  All other portions of the academy had been successfully passed by the Plaintiff as well as the minimum firearm qualifications.  Upon her termination, other applicants were given the opportunity to conclude the firearms requirement within the six months but the Plaintiff was terminated immediately.

The Plaintiff has met all the McDonnell standards in pleading her case and Defendant's

Motion for Summary Judgment should be denied.

> **E)** **The Defendants, Alabama Board of Pardons and Paroles and Cynthia Dillard in her official capacity as Executive Director did not have a legitimate business reason for terminating the Plaintiff, Kay Watson, on November 6, 2006 but was a continued discrimination of the Plaintiff by age and retaliation of prior complaints and E.E.O.C. charges filed.**

The Defendants did not have a legitimate business reason for terminating the Plaintiff, Kay Watson and Plaintiff further states that this is a genuine issue of material fact. It is undisputed that Ms. Watson failed the first Academy that she attended, but did complete the second Academy. She was qualified for her position as a Parole Officer and had six months in which to complete the firearm's training. Other individuals in the Academy with Ms. Watson were allowed the opportunity to complete the firearm's training within the six months period but Ms. Watson was terminated without truthful reason. This was in direct violation of the previous Mediation Settlement Agreement in furtherance of a retaliation.

The Alabama Board of Pardons and Paroles states that Ms. Watson failed her second attempt however no failure was ever noted. In fact Ms. Watson actually achieved the minimum requirements needed under APOSTC standards as previously stated. She did not fail any portion of the Academy as the Alabama Board of Pardons and Paroles states. Ms. Watson was terminated although others were not and was discriminated against by not allowing her to complete the second requirement of the firearm's test.

Wherefore, Defendants did not have a legitimate business reason to terminate the Plaintiff and the Defendant's Summary Judgment should be denied.

> **F)** **The Plaintiff is similarly situated as others and is in a protected class of age but as discovery is incomplete there are material facts in dispute.**

Ms. Watson is similarly situated with other applicants in a similar situation in that her basis for the first E.E.O.C. claim, she was the only applicant that was demoted to an assistant position while the others were able to stay in the position that they currently held. The current position of the other candidates was the same position the Plaintiff was in before the demotion. Also, Defendants state in their argument that Ms. Watson failed three Academies when in

actuality Ms. Watson did not attend the first academy and it was not considered a fail. That attempt is not in question when it was not attempted. It is the Plaintiff's contention that Ms. Watson failed once, mediated her grievances, and on the second attempt she was not allowed to finish the firearm's requirement within the six months although the other trainees were given the opportunity. Ms. Watson is similarly situated, but the issue is a genuine issue of material fact and due to discovery not being complete at this time, Summary Judgment should not be granted to this issue.

>   G)    **Plaintiff Watson properly filed a Complaint within ninety (90) days of receiving her right to sue from the E.E.O.C.**

Under the *Federal Rules of Civil Procedure*, Rule 6 states the "last day of a period so computed shall be included unless it is a Saturday, Sunday or a legal holiday ... in which event the period runs until the end of the next day which is not one of the aforementioned days. This is included in other local rules of any district or by any applicable statute of limitations." September 3rd was a legal holiday with the judicial system being closed for Labor Day so the time did not end until the end of September 4, 2007. Plaintiff's statute of limitations based on the Federal Rules of Civil Procedure did not end and was properly filed on September 4, 2007.

>   H)    **Plaintiff properly took all necessary steps in which to mitigate the damages and grievances with the Alabama Board of Pardons and Paroles.**

In the case of *Smith v. American Service Company of Atlanta, Inc.*, the Court held that "a prevailing Title VII Plaintiff is required to mitigate damage by being reasonably diligent in seeking employment potentially <u>equivalent</u> to the position she was denied. The burden of proving lack of diligence is on the Defendant." 796 S.2d 1430 (1986) (emphasis added). Ms. Watson attempted to seek employment after her termination and was denied such employment.

Because of the Defendants' wrongful termination of the Plaintiff she was unable, although she attempted to mitigate her damages, to secure employment. The issue of mitigating damages is a genuine issue of material fact and the Defendant should not be granted Summary Judgment based on this issue.

**III)** **CONCLUSION**

Wherefore, premises considered, the Plaintiff respectfully requests this Court deny the Defendants Motion to Dismiss or in the alternative Motion for Summary Judgment based on:

a. Neither the State nor Executive Director is immune from a claim that falls under Title VII of the *Civil Rights Act of 1964;*
b. Plaintiff properly filed her grievances within 180 days as the time allowed and is not barred by the prior mediation when the Defendants were in breach of said mediation agreement;
c. Plaintiff has properly plead a prima facie case of discrimination and retaliation as defined by *McDonnell v. Green*;
d. The Defendants did not have a legitimate business reason for the termination of the Plaintiff;
e. The Plaintiff is similarly situated to others;
f. Plaintiff's complaint was properly filed within ninety (90) days of the receipt of the E.E.O.C ruling based on the *Federal Rules of Civil Procedure*;
g. Plaintiff took all necessary steps to mitigate her damages; and
h. There still exists a genuine issue of material facts that effects all of the Defendants conclusions.

Respectfully submitted this   21st   day of   March  , 2008.

MEACHAM EARLEY FOWLER & ANDRESS


         /s/ *Lindsay B. Erwin*
Lindsay B. Erwin,  ASB-5299-y59e
Attorney for the Plaintiff

1912 Opelika Road
Phenix City, AL 36867
Tel: 334 448 6217
Fax: 334 448 5785

**CERTIFICATE OF SERVICE**

      I hereby certify that on the __21__ day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using electronic filing system which will send information of such filing to the following:

Stephen B. Sirmon
Assistant Attorney General
Alabama Board of Pardons and Paroles
P.O. Box 302405
Montgomery, AL 36130

Meacham Earley Fowler & Andress

      /s/ Lindsay B. Erwin
Lindsay B. Erwin, ASB-5299-y59e
Attorney for   Plaintiff

1912 Opelika Road
Phenix City, AL 36867
334 448 6217



# MEDIATION SETTLEMENT AGREEMENT

CHARGE NUMBER: 420 2006 00525

CHARGING PARTY: Kay Watson

RESPONDENT: State of Alabama Department of Pardons and Parole

1. In exchange for the promises made by the Respondent, State of Alabama Department of Pardons and Parole, pursuant to Charge Number 420 2006 00525, the Charging Party, Kay Watson, agrees not to institute a law suit under Age Discrimination in Employment Act (ADEA), or to use Charge Number 420 2006 00525 as a basis for filing a lawsuit under any other law enforced by the EEOC.

2. Further we agree that submission of this agreement to EEOC will constitute a request for closure of EEOC Charge Number 420 2006 00525.

3. It is understood that this agreement does not constitute an admission by Respondent of any violation of Age Discrimination in Employment Act (ADEA), or any other law enforced by EEOC.

4. This document constitutes a final and complete statement of the agreement between the Charging Party, the Respondent and EEOC.

5. The Respondent agrees that there will be no discrimination or retaliation of any kind against the Charging Party for filing this charge or against any person because of opposition to any practice deemed to be illegal under the various laws enforced by EEOC, or for giving testimony, assistance or participating in any manner in an investigation, proceeding or a hearing under the various laws enforced by the EEOC.

6. The parties agree that the EEOC is authorized to investigate compliance with this agreement and that this agreement may be specifically enforced in court by the EEOC or the parties and may be used as evidence in a subsequent proceeding in which a breach of this agreement is alleged.

6A. The Charging Party acknowledges that she has been advised to consult with an attorney, has been given a reasonable time to consider the agreement before signing.

Mediation Settlement Agreement
Kay Watson V. State of Alabama Department of Pardons and Parole
EEOC Charge No. 420 2006 00525
Page 2 of 3

7. As evidence of a good faith effort to resolve EEOC Charge Number 420 2006 00525, the parties agree to the following settlement terms:

   Based on the following conditions, the Respondent agrees to rehire the Mrs. Kay Watson in the position of Probation and Parole Officer:

   1. Around or about the middle of June 2006, Mrs. Watson must demonstrate that she can pass the required pre-agility and ability physical tests as a prerequisite to employment.

   2. Upon successfully passing the aforementioned tests, Mrs. Watson will be rehired in the position of Probation and Parole Officer and will be assigned to the City of Clayton Field Office.

   3. Upon Mrs. Watson being rehired, the Respondent agrees to do everything in their power to ensure that Mrs. Watson is assigned to the Jacksonville State Police Academy starting on or about July 16, 2006.

   4. One to two weeks prior to the beginning of the Police Academy on or about July 16, 2006, Mrs. Watson must demonstrate again that she can pass the required physical agility and physical ability tests or will be terminated from employment prior to going to the academy.

   5. Finally, Mrs. Watson must successfully graduate from the Police Academy to remain employed.

_____         5-1-06
Steve Sirmon                              Date
Respondent (Staff Attorney)

_____         5-1-06
Kay Watson                                Date
Charging Party

Mediation Settlement Agreement
Kay Watson V. State of Alabama Department of Pardons and Parole
EEOC Charge No. 420 2006 00525
Page 3 of 3

In reliance on the promises made in the above paragraphs, EEOC agrees to terminate its investigation and to not use the above referenced charge as a jurisdictional basis for a civil action under Age Discrimination in Employment Act (ADEA), or any other law enforced by the EEOC. EEOC does not waive or in any manner limit its right to investigate or seek relief in any other charge including, but not limited to, a charge filed by a member of the Commission against the Respondent.

On Behalf of the Commission:

_____
Bernice Williams-Kimbrough
District Director

5/16/06
Date




STATE OF ALABAMA
BOARD OF PARDONS AND PAROLES
State Criminal Justice Center
301 South Ripley Street, Building D
P O Box 302405
Montgomery, Alabama 36130-2405
Central Office (334) 242-8700
www.paroles.state.al.us

SIDNEY T. WILLIAMS
Chairman of the Board
ROBERT P. LONGSHORE
Associate Member
VE LINDA WEATHERLY
Associate Member
WILLIAM C. SEGREST
Executive Director

Monday, November 06, 2006

STEVE McGILL
Special Member
DON McGRIFF
Special Member
CLIFF WALKER
Special Member
BILL WYNNE
Special Member



Ms. Nyra Kay Watson
2205 9th Avenue
Phenix City, Alabama  36867

Dear Ms. Watson:

Pursuant to my duties as the Executive Director of this agency, I must inform you that the Board of Pardons and Paroles has voted to end your employment with this agency for failing to pass the requirements of APOSTC. Please note the attached Board Order.

The action is to become effective immediately.

You may contact me at 334/242-8700, if you have any questions concerning the Board's actions.

Sincerely,

William C. Segrest
Executive Director

WCS:SS




# Northeast Alabama
# Law Enforcement Academy
AT JACKSONVILLE STATE UNIVERSITY
**Billy L. Duckett,**
**Director**
100 Commandants Drive Rm. 214B
Ft. McClellan, AL 36205
PHONE: (256) 782-5318
FAX: (256) 782-5317
WEBSITE: http://lea.jsu.edu

November 2, 2006



Ms. Lee Moss
AL Board of Pardons & Parole
P.O. Box 302405
Montgomery, AL 36130

Dear Ms. Moss:

During the firearms training of the 139th Basic Session, Officer Nyra K. Watson failed to qualify two of the three attempts in firearms. Rule 650-X-4-.01 (e), Alabama Peace Officer Standards and Training Commission (APOSTC) Administrative Procedures/Rules and Regulations, states that any officer who passes one of the three attempts, but fails to pass twice, will be allowed, at the written request of the employing agency, to attend the next available Academy to re-take the forty three (43) hours of firearms training and qualification (provided the trainee passes all other phases of the Academy session and does not exceed the statutory six (6) month provisional appointment time. If the officer fails to pass firearms training at this point, the officer is deemed to have failed the Academy and is barred from employment and certification as a law enforcement officer for two years.

If you wish to schedule Officer Watson for the 43 hours of firearms retraining, please let me know as soon as possible. We will then notify you of the dates and times of the training. If you have any questions concerning this matter or if I can ever be of assistance, please do not hesitate to call.

Sincerely,

Billy Duckett
Director

BLD/kj
Cc: student file
    APOSTC