IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
KAY WATSON,                          )
                                     )
     Plaintiff,                      )
                                     )
                                     )      CIVIL ACTION NO.
     v.                              )        2:07cv794-MHT
                                     )
ALABAMA BOARD OF PARDONS             )
AND PAROLES and CYNTHIA              )
S. DILLARD, Executive                )
Director, in her official            )
capacity,                            )
                                     )
     Defendants.                     )
```

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on May 19, 2008, wherein the following proceedings were held and actions taken:

1.  PARTIES AND TRIAL COUNSEL:

    Plaintiff:              Kay Watson

    Counsel for Plaintiff:      Lindsay B. Erwin
                                1912 Opelika Road
                                Phenix City, AL  36867

    Defendant:              Alabama Board of Pardon and Paroles, and
                            Cynthia S. Dillard, in her official capacity

    Counsel for Defendant:  Steven M. Sirmon
                            Alabama Board of Pardons and Paroles
                            Assistant Attorney General

...
...

P.O. Box 302405

Montgomery, Alabama 36130

COUNSEL APPEARING AT PRETRIAL HEARING:

Same as trial counsel

2. JURISDICTION AND VENUE:

The Plaintiff contents that this suit is properly before this Federal Court under 29 U.S.C. § 621 et. seq., 42 U.S.C. §2000 (e), and Title VII of the Civil Rights Act of 1964.

Defendant's contented this case is before the Court under (ADEA) 29 U.S.C. § 621 et. seq. and that Congress has not abrogated the State's Eleventh Amendment Ammunity under the ADEA. Plaintiff is a resident of Phenix City, Alabama, Russell County. The Defendant, Alabama Board of Pardons and Paroles, is an established State Board with its principal location in Montgomery County, Alabama.

3. PLEADINGS:

The following pleadings and amendments were allowed:

Complaint

Defendant's Answer and Motion for Summary Judgment

4. CONTENTIONS OF THE PARTIES:
   a. The Plaintiff:

Plaintiff is a 48 year old female who was employed by the Alabama Board of Pardons and Paroles as an Administrative Support Assistant. In 2005, Plaintiff was promoted to Probation and Parole Officer whereby she had to complete the numerous requirements in which to sustain that position. In September 2005, the Plaintiff was not able to pass the Pre-Agility test in which to secure placement at the Academy. This attempt did not qualify as attending the Academy and was not categorized as a failing of the Academy. Plaintiff was the only employee who was demoted for not passing the test while others who failed were allowed to continue in their current positions.

The Plaintiff then filed an E.E.O.C. action based on age discrimination which was successfully mediated on certain terms and conditions. Upon the terms of the mediation agreement Ms. Watson was able to pass the Pre-Agility Test and was sent to Jackson State Policy Academy on July 16, 2006. The last stipulation of the Agreement was that the Plaintiff was to successfully complete the Police Academy to remain employed with the Alabama Board of Pardons and Paroles. Upon the 12 weeks of training the Plaintiff successfully completed all of the minimum requirements of the Alabama Peace Officers Standards in Training Commission (hereinafter "APOSTC"). She was notified by the academy that she would be graduating with her class the following week. The only remaining task the Plaintiff had was to qualify for the fire arm standards within six months of her successful graduation.

In November of 2006, Plaintiff received a letter stating that her employment with the Alabama Board of Pardons and Paroles was terminated for failing to pass the

requirements of APOSTC. Plaintiff timely filed a charge of discrimination based on retaliation on December 1, 2006, at which time the E.E.O.C. issued a determination that they could not make a determination but that the Plaintiff could proceed with further action.

The Defendants breached the mediation agreement and did not allow the Plaintiff the opportunity to complete her training. Not only was the Plaintiff successful and was scheduled to graduate the academy, but she also had a six month time frame in which to obtain her fire arm qualifications. The Defendants did not allow her this opportunity, but terminated her employment instead.

    b. The Defendant(s):

The Plaintiff, hereafter Ms. Watson, was employed as an Administrative Assistant (ASA) with the Alabama Board of Pardons and Paroles in February 2000. She applied for and was hired as a Probation and Parole Officer I on August 2005. State law enforcement officers must comply with the Alabama Peace Officers Standard and Training Commission requirements in order to be *certified* as a state law enforcement officer. This requires successfully completing a certified police academy. Ms. Watson was scheduled to attend the Northeast Alabama Law Enforcement Academy located on the campus of Jacksonville State University in September 2005, but failed the agency's pretest resulting in her not attending the academy as scheduled. She was returned to her ASA (Administrative Assistant) position with the agency.

In November 2005 Ms. Watson was again hired as a Probation and Parole Officer I and rescheduled for attendance to the Northeast Alabama Law Enforcement Academy in January 2006. She failed the Physical Fitness Entrance Standards at the academy and was removed from the academy. Ms. Watson was in the process of being returned to her ASA position, but chose to resign instead on February 2, 2006.

In March 2006 Ms. Watson filed an E.E.O.C. complaint alleging Age Discrimination – she claimed she was being treaded differently than others that were younger than her. The E.E.O.C. complaint was successfully mediated on May 1, 2006 and accepted by the Bernice Williams-Kimbrough, District Director, Equal Employment Opportunity Commission on May 10th, 2006. Pursuant to the mediation agreement the agency rehired Ms. Watson as a Probation and Parole Officer I and scheduled her to attend the Northeast Alabama Police Academy in July 2006. The mediation agreement required Ms. Watson to "successfully graduate from that police academy to remain employed."

On November 1, 2006 the academy, by phone, notified the agency's training director, Lee Moss, that Ms. Watson had *not* successfully completed the firearms portion of the academy. The academy subsequently sent written notice of Ms. Watson's failure, by letter dated November 2nd, 2006, to Lee Moss. The November 2nd, 2006 letter from the academy clearly states Ms. Watson failed to successfully

complete the firearms portion of the academy. It further states that upon "written request by the employing agency" Ms. Watson could be sent to the *next* available academy to retake the firearms portion of the academy. The E.E.O.C. agreement settlement on May 1st, 2006 did not include sending Ms. Watson to a third academy for her to attempt to become qualified for the position.

This information was presented to the Board on November 6th, 2006 and they voted to terminate Ms. Watson's employment as a Probation and Parole Officer I.

Ms. Watson filed an E.E.O.C. complaint alleging retaliation on December 1st, 2006. She received a right to sue letter from the E.E.O.C. and brought the action at bar.

### Defendant's Defenses

*STATE 11th Amendment Immunity:*
In passing the Age Discrimination and Employment Act (ADEA), Congress did not abrogate states' Eleventh Amendment Immunity from suit by private individuals. *Ms. Dillard's 11th Amendment Immunity:* Cynthia Dillard, Executive Director of the Alabama Board of Pardons and Paroles, is entitled to Eleventh Amendment immunity in her official capacity where money damages are sought, as this is in effect a suit against the State of Alabama.   Ms. Dillard is without authority to take an adverse employment action against Ms. Watson, nor is she considered an employer under the ADEA.   *Barred by 180 Day Time Limit:*

Ms. Watson fails to allege in her complaint any action by the Board between June 1st and December 1st, 2006, except the November 6th, 2006 termination. Her only claim, not barred, is the retaliation claim cited in the December 1st, 2006 E.E.O.C. complaint concerning her November 6th, 2006 termination.

*Barred By E.E.O.C. Settlement:*

All of Ms. Watson's claims occurring before May 10th, 2006 are barred by the mediation agreement between the parties, which was accepted by Bernice Williams-Kimbrough, District Director, E.E.O.C. on May 10th, 2006. The Board complied with the agreement in full. The only claims remaining before this Court are those raised in Ms. Watson's E.E.O.C. complaint dated December 1st, 2006 – retaliation.*Failure to Plead Prima Facie Case for Age Discrimination:*

Ms. Watson has failed to plead a prima facie case for Age Discrimination.

*Legitimated business reason for termination:*

The Defendant's had a legitimate business interest in taking the actions taken and deny age was a factor.

*Failed to establish she is similarly situated:*

Ms. Watson has failed to establish she was similarly situated with others receiving more favorable treatment.

*Failed to Plead Prima Facie Case for Retaliation:*

Ms. Watson has failed to plead a prima facie case for retaliation.

*Barred by 90 Day Time Limit:*

Ms. Watson has the burden of proof to establish she filed her claim, relating to her November 6th, 2006 termination, within 90 days of receiving notice of her right to sue from the E.E.O.C. or her allegation is time barred.

*Failure to Mitigate Damages:*

Ms. Watson failed to mitigate her damages by resigning her employment with the agency.

5.    STIPULATIONS BY AND BETWEEN THE PARTIES:

The parties hereby stipulate that the depositions of Billy Duckett (27 pages) and Gregory Glaze (17 pages) shall be submitted in there entirety into evidence without any further objections.

**It is ORDERED that:**

**(1) The jury selection and trial of this cause, which is to last two days, are set for September 8, 2008, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama;**

**(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;**

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, the jurors, and the judge to each have a set of the exhibits;

(4) Trial briefs are required to be filed by August 22, 2008;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 12) entered by the court on November 26, 2007; and

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.

DONE, this the 20th day of May, 2008.

                              /s/ Myron H. Thompson  
                              UNITED STATES DISTRICT JUDGE