IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Kay Watson,            ) | |
|     Petitioner,      ) | |
|                     Vs.   ) | Case # 2:07-CV-794- MHT |
| Alabama Board of Pardons ) | |
| And Paroles and Cynthia  ) | |
| Dillard,                ) | |
|     Respondents.    ) | |

**BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR DISMISSAL**

**WITHOUT PREJUDICE**

Come now the Alabama Board of Pardons and Paroles (hereafter "the Board") and its Executive Director, Cynthia Dillard (hereafter "Ms. Dillard"), in compliance with this Court's directive to brief the Court on the issue of voluntary dismissals without prejudice under *Rule 41(a)(2)* of the *Federal Rules of Civil Procedure* and show unto the Court as follows:

**STATEMENT OF FACTS**

    The Petitioner, hereafter Ms. Watson, was employed as an Administrative Assistant (ASA) with the Alabama Board of Pardons and Paroles in February 2000. She applied for and was hired as Probation and Parole Officer I on August 2005. State law enforcement officers must comply with the Alabama Peace Officers Standard and Training Commission requirements in order to be *certified* as a state law enforcement officer. See Exhibit A of [Doc. 9]. This requires successfully completing a certified police academy. Ms. Watson was scheduled to attend the Northeast Alabama Law Enforcement Academy located on the campus of Jacksonville State University in September 2005, but failed the agency's pretest resulting in her not attending the academy as scheduled. She was returned to her ASA (Administrative Assistant) position with the agency.

    In November 2005 Ms. Watson was again hired as a Probation and Parole Officer I and rescheduled for attendance to the Northeast Alabama Law Enforcement Academy in January 2006. She failed the Physical

Fitness Entrance Standards at the academy and was removed from the academy See Exhibit B of [Doc. 9]. Ms. Watson was in the process of being returned to her ASA position, but chose to resign instead on February 2, 2006. See Exhibit C [Doc. 9].

In March 2006 Ms. Watson filed an E.E.O.C. complaint alleging Age Discrimination – she claimed she was being treaded differently than others that were younger than her. The E.E.O.C. complaint was successfully mediated on May 1, 2006 and accepted by the Bernice Williams-Kimbrough, District Director, Equal Employment Opportunity Commission on May 10th, 2006. See Exhibit D [Doc. 9]. Pursuant to the mediation agreement the agency rehired Ms. Watson as a Probation and Parole Officer I and scheduled her to attend the Northeast Alabama Police Academy in July 2006. The mediation agreement required Ms. Watson to "successfully graduate from the police academy to remain employed."

On November 1, 2006 the academy, by phone, notified the agency's training director, Lee Moss, that Ms. Watson had *not* successfully completed the firearms

portion of the academy. The academy subsequently sent written notice of Ms. Watson's failure, by letter dated November 2nd, 2006, to Lee Moss. See Exhibit E [Doc. 9]. The November 2nd, 2006 letter from the academy clearly states Ms. Watson failed to successfully complete the firearms portion of the academy. It further states that upon "written request by the employing agency" Ms. Watson could be sent to the next available academy to retake the firearms portion of the academy. (Note: this letter did not take into consideration that Ms. Watson was already attending her second academy). (See Exhibit A [Doc. 9], Rule 650-X-4-.04 Failure to Complete Training).

This information was presented to the Board on November 6th, 2006 and they voted to terminate Ms. Watson's employment as a Probation and Parole Officer I See Exhibit F [Doc. 9].

Ms. Watson filed an E.E.O.C. complaint alleging retaliation on December 1st, 2006. See Exhibit G [Doc. 9]. She received a right to sue letter from the E.E.O.C. and brought the action at bar.

4

Petitioner filed an action in federal court claiming age discrimination under the ADEA and retaliation under the ADEA, Title VII of the Civil Rights Act of 1964, and §1981a. This court action has been ongoing since September 4, 2007, the date of filing, and is currently in the summary judgment stage of the court proceedings.

On May 27, 2008, this Court ordered that on or before May 30, 2008, "Plaintiff shall file a supplemental brief addressing whether or not a retaliation claim based on an administrative charge of age discrimination filed with the EEOC is appropriately brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§1981a, 2000e through 2000e-17, or the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §§621-634" [Doc. 31].  Plaintiff failed to file a supplemental brief as ordered by this Court, but instead filed a Motion to Dismiss without Prejudice, *presumably* after researching this issue during this late stage of the court proceedings and finding that the ADEA is the exclusive remedy for claims of age employment discrimination, not

5

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§1981a, 2000e through 2000e-17.

Plaintiff now moves the Court for a voluntary dismissal *without prejudice* under Rule 41 of the *Federal Rules of Civil Procedures* at this late stage of the proceedings.  In the absence of specific reasons or justification as to why Plaintiff seeks a voluntary dismissal without prejudice at this late stage of the judicial proceedings, Defendants can only presume that Plaintiff is attempting to avoid an adverse ruling against her; seeks to be able to re-file an action involving her past employment with Defendant Board in another judicial forum, whether state or federal; and seeks to avoid an award of attorney fees and costs against her.

After filing her Motion to Dismiss without prejudice on May 30, 2008, Plaintiff requested that Defendants stipulate to a dismissal without prejudice. Defendants made a good faith effort to resolve this matter by offering to stipulate to a dismissal without prejudice with the condition that Plaintiff waive and release Defendants from any and all claims or actions

involving her past employment with Defendant Board. Plaintiff declined to accept this condition and informed Defendants that she would proceed forward with the case.

Plaintiff and the Defendants have been directed by this Court to address the issue of when a Plaintiff can bring a Motion to Dismiss without Prejudice.

**MEMORANDUM BRIEF**

**I. MOTIONS TO DISMISS WITHOUT PREJUDICE UNDER RULE 41(A)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The Federal Rules of Civil Procedures, Rule 41(a)(2) states:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Rule 41 (a)(1) states, in pertinent part:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
> **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
> **(ii)** a stipulation of dismissal signed by all parties who have appeared.

Rule 41(a)(1) does not apply in this case. Plaintiff did not file her motion to dismiss without prejudice *prior* to Defendants serving its Answer and Motion for Summary Judgment.  Defendants did not stipulate to a dismissal without prejudice for the reasons set forth herein.

A voluntary dismissal without prejudice, as allowed under Rule 41(a)(2), is not a matter of right but of the sound discretion of the district court.  See *Fisher v. Puerto Rico Marine Management, Inc.*, 940 F.2d 1502 (11th Cir. 1991), which states:

> A voluntary dismissal without prejudice is not a matter of right. Zagano v. Fordham University, 900 F.2d 12, 14 (2d Cir.1990); Fed.R.Civ.P. 41(a)(2). Although we have said that in most cases a voluntary dismissal should be allowed unless the defendant will suffer some plain prejudice *\*1503* other than the mere prospect of a second lawsuit, *see* Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir.1967), the decision whether or not to grant such a dismissal is within the sound discretion of the district court and reviewable

8

> only for abuse of discretion, see *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir.1976). And, when exercising its discretion in considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for Rule 41(a)(2) exists chiefly for protection of defendants. *See id.*

The court has the discretion to grant or deny the Plaintiff's Motion to Dismiss as long as there has been no impairment on the rights of the Defendant, *Walter v. Kidde Portable Equipment, Inc. v. Universal Sec. Instruments, Inc.*, 479 F.3d 1330, 1336 (Fed. Cir. 2007).

The purpose of Rule 41(a)(2) is for the protection of the interests of defendants.

The Eleventh Circuit Court of Appeals held that delay alone, in the absence of bad faith on the part of a Plaintiff, is insufficient to justify a dismissal with prejudice, even where a fully briefed summary judgment motion is pending, *Pontenberg v. Boston Scientific Corp*, 252 F.3d 1253 (11th Cir. 2001).

District courts are more likely to **deny** a Plaintiff's motion for dismissal without prejudice at later stages of the litigation because Defendants are more likely to have suffered plain legal prejudice. See

*Berry v. General Star National Insurance Co.*, 190 F.R.D. 697, 697 (M.D. Ala. 2000).

*Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1258-1259 (11th Cir. 2001) cites *Pace v. Southern Express Co.* 409 F.2d 331, 334 (7th Cir. 1969) which sets forth factors that the *Pace* Court considered when denying a motion to dismiss without prejudice.  The *Pace* factors are as follows:

1. The Defendant's Effort and Expense in preparing for trial.
2. Excessive Delay and lack of Due Diligence on the part of the Plaintiff in prosecuting the action.
3. Plaintiff's insufficient explanation for the need to take a dismissal.
4. The fact that Defendant's have already filed a Motion for Summary Judgment.

Defendants ask this Court to consider the Pace factors when deciding whether or not to dismiss Plaintiff's Motion to Dismiss without prejudice, along with the reasons that Defendants feel that for the Court to dismiss this action without prejudice will result in plain prejudice to Defendants.

As stated above, *Fisher v. Puerto Rico Marine Management, Inc., 940 F.2d 1502 (11th Cir. 1991)*, sets

10

forth the "plain prejudice" standard to determine whether or not to deny a voluntary motion to dismiss without prejudice.

For the reasons set forth in "Defendants Argument in Opposition to Plaintiff's Motion to Dismiss without prejudice", below, Plaintiff's Motion to Dismiss without prejudice in this late juncture of the proceedings, without explanation, is due to be denied.

### A.   *Defendants Argument in Opposition to Plaintiff's Motion to Dismiss without prejudice*

It is Defendants position that a dismissal without prejudice will result in **"plain prejudice"** to the Defendants for the following reasons:

1. Plaintiff fails to set forth legitimate reasons in her Motion to Dismiss Without Prejudice justifying the voluntary dismissal *without prejudice* in this late stage of the proceeding;
2. This action has been ongoing since September 4, 2007, almost a year, thus considerable effort and expense has been incurred by Defendants in preparation for

11

   trial at the expense of the taxpayers of Alabama;

3. Discovery has been completed;

4. An Answer and Motion for Summary Judgment motion was filed prior to Plaintiff filing her Motion for Dismissal Without Prejudice;

5. The financial prejudice suffered by Defendants can not be cured in light of the fact that Plaintiff's time for re-filing an action, in both federal and state court, involving Plaintiff's past employment with Defendant Board, is now barred by the statute of limitations;

6. Plaintiff could have sought a voluntary dismissal without prejudice prior to the judgment phase of the lawsuit, but chose not to do so, thereby making her motion for voluntary dismissal without prejudice untimely;

7. The Board made a "good faith" effort to resolve this matter by agreeing to dismiss this action without prejudice with the

condition that Plaintiff agree, in writing, to waive and release any and all legal actions or claims against the Board involving her past employment with the Board, to no avail;

8. Plaintiff's failure to seek a voluntary dismissal without prejudice at this late state of the proceeding results in a waste of judicial time and economy; and

9. In the event that Plaintiff chooses to sue Defendants on the basis of any state law claims, the voluntary dismissal without prejudice can result in a prejudicial affect on the availability and recollection of witnesses.

The failure of this Court to address the merits of Defendants Eleventh Amendment immunity issues currently pending before the Court will cause substantial prejudice to Defendants by contradicting the very purpose of the Eleventh Amendment to the U.S. Constitution.  The Eleventh Amendment provides the

State with immunity from suit, unless abrogated by statute. The Age Discrimination Act does not abrogate the Eleventh Amendment. For the Court to grant a dismissal without prejudice would in effect allow Plaintiff to re-file an additional action where Defendants would still be immune from suit, either under the Eleventh Amendment to the U.S. Constitution or under §14 of the Alabama Constitution of 1901.

To further support Defendants argument that Plaintiff's Motion to Dismiss without prejudice is plainly prejudicial to Defendants, Plaintiff failed to explain the reasons or state any reason at all for seeking a Rule 41(a)(2) dismissal at this late juncture in the proceedings. Plaintiff failed to give any reason as to why she waited until the judge was ready to rule on the merits of the case to file the Motion to Dismiss. Defendants can only hope that Plaintiff's filing of a Motion to Dismiss without prejudice is not a bad faith attempt to gain an unfair advantage in this action.

In Plaintiff's response to Defendant's Motion to Dismiss or in the alternative Motion for Summary

Judgment, filed on March 21, 2008, [Doc. 21], Plaintiff argues that the State is not immune under the Eleventh Amendment to the U.S. Constitution and that "Even if the Defendant Alabama Board of Pardons and Paroles is immune under the ADEA, it does not elude liability under Title VII based on the retaliation of the previously filed ADEA claim.

On May 27, 2008, this Court ordered that on or before May 30, 2008, "Plaintiff shall file a supplemental brief addressing whether or not a retaliation claim based on an administrative charge of age discrimination filed with the EEOC is appropriately brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§1981a, 2000e through 2000e-17, or the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §§621-634" [Doc. 31]. Plaintiff failed to file a supplemental brief as ordered by this Court.

The appropriate cause of action for a retaliation claim under the Age Discrimination in Employment Act is filed under 29 U.S.C. §623(d) of Age Discrimination Act, not Title VII of the Civil Rights Act of 1964 as

15

amended, 42 U.S.C. §§1981a, 2000e through 2000e-17. Title VII encompasses claims of discrimination based on race, color, religion, sex, and national origin, **not age**. The ADEA provides the exclusive remedy for claims of age discrimination. *See Lewis v. Young Men's Christian Ass'n, 208 F.3d 1303 (11th Cir. 2000),* which states: "Retaliation prohibited by the ADEA under 29 U.S.C. § 623(d), however, is not among the unlawful employment practices listed in 42 U.S.C. § 2000e-2(m)."

The law is well settled in the *Kimel v. Florida Board of Regents et al., 528 U.S. 62 (2000)* and *Raygor v. Regents of the University of Minnesota, 534 U.S. 533 (2002)* cases that the ADEA does not abrogate the Eleventh Amendment immunity afforded to non-consenting states. Alabama does not and cannot consent to be sued, *Alabama v. Pugh, 438 U.S. 781, 98 S.Ct. 3057 (1978).* The filing of an ADEA action in federal court does not toll the statute of limitations under the Alabama Age Discrimination Act, for which the limitation period has since passed.

The unreasonable delay caused by Plaintiff's failure to properly research her claims prior to

instituting this action and during the course of these proceedings has prejudiced Defendants financially at the expense of the taxpayers of the State of Alabama and has caused a waste of judicial time and economy.

Defendants request that this Court deny Plaintiff's Motion to Dismiss without prejudice.

Arguing in the alternative, if the Court declines to grant Defendants request to deny Plaintiff's Motion to Dismiss without prejudice, Defendants request that the Court impose conditions, *sua sponte* or impose the conditions proposed by Defendants below, to prevent Defendants from suffering plain prejudice as the result of its order of dismissal without prejudice, *Pontenburg v. Boston Scientific Corporation, 252 F.3d 1253 (11th Cir. 2001).  See McCants v. Ford Motor Co., Inc. 781 F.2d 855 (11th Cir. 1986).*

Defendant requests that the Court impose the following conditions in the event that the Court orders a dismissal without prejudice:

    1.    That Plaintiffs agree not to assert any claims or future actions, whether in state court or federal court, related to

>       her past employment with Defendant Board
>       and waives the right to claim the payment
>       of attorneys fees and other additional
>       costs; and
>
> 2.    That if Plaintiff files another action,
>       Plaintiff shall pay the fees and costs
>       incurred in the re-filed action.

It is not a legal prejudice to the Plaintiff to require Plaintiff to pay the Defendant's fees and costs if they chose to re-file the case in State Court and it is not legal prejudice to Plaintiff for the Court to impose a venue restriction upon a Plaintiff seeking a dismissal without prejudice under Rule 41(a)(2), *Versa Products, Inc.*, v. *Home Depot, USA, Inc.* 387 F.3d 1325, 1328-1329 (11th Cir. 2004).

**WHEREFORE THE PREMISES CONSIDERED**, Plaintiff's Motion to Dismiss without prejudice is due to be ***DENIED***. This action is due to be ***DISMISSED, WITH PREJUDICE***, for failure to state a claim for which relief can be granted, under *Rule 12(b)(6), FRCP*.

Defendants are entitled to judgment as a matter of law under *Rule 56, FRCP*.

        s/STEVEN M. SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Fax: (334) 353-4423
Steve.Sirmon@alabpp.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Kay Watson c/o Lindsey B. Erwin
> Meacham, Earley & Flower, P.C.,
> 5704 Veterans Parkway
> Columbus, GA  31094

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants, individually: (None)

Done this 11th day of July, 2008.

> Respectfully submitted,
>
> s/STEVEN M. SIRMON
> ASSISTANT ATTORNEY GENERAL
> State Bar#: ASB-5949-S61S
> Ala. Bd. Pardons and Paroles
> P.O. Box 302405
> Montgomery, Alabama 36130
> Telephone: (334) 242-8700
> Fax: (334) 353-4423
> Steve.Sirmon@alabpp.gov