IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| KAY WATSON, ) | |
|     PLAINTIFF, ) | |
| ) | |
| VS. ) | CIVIL ACTION FILE |
| ) | |
| ALABAMA BOARD OF PARDONS ) | NO. 2:07-CV-794-MHT |
| AND PAROLES and CYNTHIA ) | |
| S. DILLARD, Executive Director, ) | |
| in her official capacity, ) | |
|     DEFENDANTS. ) | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO DISMISS WITHOUT PREJUDICE**

Comes now Plaintiff, Kay Watson, in the above-styled case, and submits the following Brief in support of her Motion to Dismiss Without Prejudice and states as follows:

The Eleventh Circuit of the United States has consistently in the past allowed Plaintiffs to dismiss their claims without prejudice during anytime of the litigation process so long as there is no legal prejudice towards the Defendants. In the case of *Pontenberg v. Boston Scientific Corporation*, the Plaintiff filed her Motion to Dismiss without Prejudice after the discovery deadline had expired and after the Defendants had moved for Summary Judgment. 252 F.3d 1253 (11th Cir. 2001). Not only was there a pending Summary Judgment by the Defendants in the above case, but the trial date was nearly present when the Plaintiff filed and was granted dismissal without prejudice. *Id.*

The United States Court of Appeals for the Eleventh Circuit reiterated in *Pontenberg* the fact that a district court has a very broad discretion in allowing a Plaintiff to dismiss a case without prejudice even when a Defendant has objected to the same. *Id.* citing *McCants v. Ford*

*Motor Co., Inc.,* 781 F.2d 855, 857 (11th Cir. 1986). *McCants v. Ford Motor Co., Inc.* also held "in most cases, a voluntary dismissal should be granted unless the Defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit as a result." 781 F.2d at 856 (11th Cir. 1986).

The precedence in case law regarding this issue has been a Plaintiff having filed a Motion to Dismiss Without Prejudice, the Defendant objecting of the same due to legal prejudice, but the courts having ruled in favor of the Plaintiff even after the Defendant has filed an answer or moved for Summary Judgment. In the case before this Court today, Plaintiff respectfully request the Court to dismiss her action without prejudice. To date, Plaintiff has not received written objection or reason of same, and the Defendants have not brought up any issue or objection to legal prejudice. Plaintiff properly filed her voluntary dismissal on the 30th day of May, 2008 which would have given the Defendants ample time to respond as to any legal prejudice they might incur. Due to the broad interpretation of legal prejudice as was stated in *McCants* and the Court allowing the Plaintiff in *Pontenberg* to dismiss without prejudice almost up to the time of trial, Plaintiff Kay Watson request that this matter be dismissed without prejudice.

Respectfully submitted this __11th__ day of __July_____ , 2008.

MEACHAM EARLEY FOWLER & ANDRESS


_____/s/ *Lindsay B. Erwin*_____
Lindsay B. Erwin, ASB-5299-y59e
Attorney for the Plaintiff

1912 Opelika Road
Phenix City, AL 36867
Tel: 334 448 6217
Fax: 334 448 5785

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of July, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and have served a copy of same electronically and placing a copy of same in the Unites States Mail, postage prepaid and properly addressed to:

Stephen B. Sirmon
Assistant Attorney General
Alabama Board of Pardons and Paroles
P.O. Box 302405
Montgomery, AL 36130

Meacham Earley Fowler & Andress

　　　/s/ Lindsay B. Erwin
Lindsay B. Erwin, ASB-5299-y59e
Attorney for   Plaintiff

1912 Opelika Road
Phenix City, AL 36867
334 448 6217