IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


| | | |
|---|---|---|
| KAY WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:07cv794-MHT |
| | ) | (WO) |
| ALABAMA BOARD OF PARDONS | ) | |
| AND PAROLES and CYNTHIA | ) | |
| S. DILLARD, Executive | ) | |
| Director, in her official | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

Plaintiff Kay Watson, who is over the age of 40,
brings this lawsuit against defendants Alabama Board of
Pardons and Parole and Cynthia Dillard (in her official
capacity as Executive Director of the Board), claiming
age discrimination and retaliation in her demotion and
termination by the Board, in violation of the Age
Discrimination in Employment Act of 1967 (ADEA), 29
U.S.C. §§ 621-634.  Jurisdiction is proper under 28
U.S.C. §§ 1331 (federal question) and 1343 (civil rights)

and 29 U.S.C. § 626 (ADEA).  The case is currently before the court on Watson's motion to dismiss without prejudice.  For the following reasons, Watson's motion will be granted.

## I.  STANDARD

"A voluntary dismissal without prejudice is not a matter of right."  <u>Fisher v. Puerto Rico Marine Mgmt, Inc.</u>, 940 F.2d 1502, 1502 (11th Cir. 1991).  Rather, the ability of a plaintiff to dismiss an action voluntarily and without prejudice is governed by Federal Rule of Civil Procedure 41.  <u>Potenberg v. Boston Scientific Corp.</u>, 252 F.3d 1253, 1255 (11th Cir. 2001).  Under Rule 41(a)(1), a "plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared," Fed. R. Civ. P. 41(a)(1), and, unless "the notice or stipulation states

2

otherwise" or unless "the plaintiff previously dismissed any federal- or state-court action based on or including the same claim," "the dismissal is without prejudice." Id.

In all other cases, such as the present one, in which a notice of dismissal has not been filed prior to the opposing party's answer or motion for summary judgment and all the parties have not signed a stipulation of dismissal, Rule 41(a)(2) governs and "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2), and, unless "the order states otherwise, a dismissal ... is without prejudice." Id. The district court has broad discretion in determining whether to grant a voluntary dismissal pursuant to Rule 41(a)(2). Potenberg, 252 F.3d at 1255.

The primary purpose of Rule 41(a)(2) is "to prevent voluntary dismissal which unfairly affect the other side, and to permit the imposition of curative conditions."

3

<u>McCants v. Ford Motor Co., Inc.</u>, 781 F.2d 855, 856 (11th Cir. 1986) (citation omitted).   Therefore, "a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect."   <u>Id</u>.   However, "in most cases, a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result."   <u>Id</u>. at 856-57.   The crucial question in determining whether the defendant would be clearly or plainly prejudiced by the voluntary dismissal is, "Would the defendant lose any substantial right by the dismissal?"   <u>Potenberg</u>, 252 F.3d at 1255 (quoting <u>Durham v. Florida East Coast Ry. Co.</u>, 385 F.2d 366, 368 (5th Cir. 1967)).

The fact that the "plaintiff may obtain some tactical advantage over the defendant in future litigation" does not bar a voluntary dismissal.   <u>McCants</u>, 781 F.2d at 857. Instead, the court should "weigh the relevant equities to

4

do justice between the parties as to each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Id.

## II.  DISCUSSION

### A.  Voluntary Dismissal Without Prejudice

Defendants present several reasons why the court's granting of Watson's motion to dismiss without prejudice will result in plain prejudice.  As support for these reasons, defendants rely on Pace v. Southern Express Co., 409 F.2d 331, (7th Cir. 1969), where the Seventh Circuit Court of Appeals set forth four factors to be considered on a motion to dismiss without prejudice: "the defendant's effort and expense in preparing for trial, excessive delay and lack of due diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by

5

the defendant." <u>Id</u>. at 334.  The Eleventh Circuit Court
of Appeals has, however, never expressly adopted the <u>Pace</u>
factors as the basis for reviewing a motion for voluntary
dismissal.  <u>Potenberg</u>, 252 F.3d at 1259 ("This circuit
has never specifically addressed or adopted the Pace
factors").  Instead, the Eleventh Circuit has noted that,

> "since <u>Pace</u>, the Seventh Circuit has
> clarified that 'the enumeration of
> factors to be considered in <u>Pace</u> is not
> equivalent to a mandate that each and
> every factor to be resolved in favor of
> the moving party before dismissal is
> appropriate.  It is rather simply a
> guide for the trial judge, in whom the
> discretion ultimately rests.  Further,
> the very concept of discretion
> presupposes a zone of choice in which
> the trial court may go either way in
> granting or denying the motion."

<u>Id</u>. at 1259 n.5 (quoting <u>Kovalic v. DEC Int'l, Inc.</u>, 855
F.2d 471, 474 (7th Cir. 1988)).  On the basis of its
broad discretion and the "weigh[ing] of the relevant
equities," <u>McCants</u>, 781 F.2d at 857, this court finds
that each of the reasons advanced by defendants in
support of their argument that dismissal without

prejudice would result in "plain prejudice" to them lacks merit.

First, defendants contend that they would be prejudiced because Watson failed to set forth legitimate reasons justifying the voluntary dismissal without prejudice at this late stage of the proceeding. Neither Rule 41 nor Eleventh Circuit case law imposes a "good cause" requirement on a plaintiff's request for voluntary dismissal; instead, the principal relevant consideration is whether the interests of the defendant have been protected. Defendants, in this case, have not explained how the failure to present legitimate reasons justifying the voluntary dismissal has prejudiced them in any way; therefore, the fact that Watson failed to set forth legitimate reasons justifying the motion to dismiss without prejudice does not warrant a denial of her motion.

Second, defendants contend that a voluntary dismissal will result in plain prejudice because of the

considerable effort and expense incurred in preparation
for trial at the expense of the taxpayers of Alabama.
Defendants also argue, relatedly, that the financial
prejudice that they would suffer cannot be cured because
of the fact that Watson's time for re-filing an action,
in both federal and state court, is now barred by the
statute of limitations.   The effort and financial
expenditures incurred by defendants is not an appropriate
basis for denying Watson's motion to dismiss without
prejudice.   Instead of denying a motion for voluntary
dismissal on this basis, "the practical prejudice of
expenses incurred in defending the action can be
alleviated by the imposition of costs or other
conditions." Potenberg, 252 F.3d at 1260. This court
will therefore, as discussed below, condition the
dismissal without prejudice on the requirement that
defendants be awarded costs should Watson re-file her
action.   It is beyond the scope of this opinion to assess

whether such an action filed in federal or state court would be barred by the statute of limitations.

Third, defendants contend that a voluntary dismissal without prejudice will result in plain prejudice because discovery has been completed. In this case, the evidence accumulated by defendants during discovery concerning Watson's age discrimination and retaliation claims could be used in a subsequent lawsuit brought on similar grounds in state court. Therefore "the fact that costs were incurred in conducting discovery will not in itself constitute plain prejudice." Anderberg v. Masonite Corp., 176 F.R.D. 682, 687 (N.D. Ga. 1997) (Forrester, J.).

Fourth, defendants contend that a voluntary dismissal without prejudice will result in plain prejudice because they filed an answer and a motion for summary judgment before Watson filed her motion to dismiss without prejudice. Defendants also argue, relatedly, that Watson could have sought a voluntary dismissal without prejudice

prior to the "judgment phase" of the lawsuit, which presumably is the phase after the filing of a summary judgment motion and before the court's ruling on such motion. "Rule 41(a) expressly contemplates situations in which the district court may, in its discretion, dismiss an action without prejudice even after the defendant has moved for summary judgment." Potenberg, 252 F.3d at 1257 In fact, "a voluntary dismissal by leave of court under Rule 41(a)(2) after a summary judgment motion is filed is deemed to be without prejudice unless otherwise ordered." Id. The granting of Watson's motion for voluntary dismissal, even if it has been filed at the "judgment phase" of the case, would not result in defendants being plainly prejudice without evidence that Watson acted in bad faith. See id. Defendants have not presented any evidence, beyond conclusory allegations, that would support a finding of bad faith; therefore, defendants would not be plainly prejudiced by the granting of Watson's motion to dismiss.

Fifth, defendants contend that the dismissal without prejudice will result in plain prejudice because the Board made a "good faith" effort, to no avail, to resolve this matter by agreeing to dismiss this action without prejudice with the condition that plaintiff agree, in writing, to waive and release any and all legal actions or claims against the Board involving her past employment with the Board. Prior efforts by defendants to settle the case do not warrant a finding that they would be plainly prejudiced by the granting of Watson's motion to dismiss.

Sixth, defendants argue that Watson's attempt to seek a voluntary dismissal without prejudice at this late stage of the proceedings would result in a waste of judicial time and resources. This alleged waste of judicial resources does not warrant a finding that defendants would be plainly prejudiced by the granting of Watson's motion to dismiss.

11

Finally, defendants argue that, in the event that Watson chooses to sue defendants on the basis of state law claims, voluntary dismissal without prejudice will result in plain prejudice because witnesses may not be available or able to recollect the events in a subsequent trial.  Defendants do not identify any witness that would be unavailable or would have difficulty recollecting events in a subsequent case brought by Watson; therefore the court rejects this basis for denying the motion to dismiss.

### B.  Conditions to be Placed on
### Dismissal Without Prejudice

Defendants have proposed two conditions be placed on Watson if the court allows voluntary dismissal without prejudice.  The court rejects both conditions.

The first condition suggested by defendants is that Watson "agree not to assert any claims or future actions, whether in state court or federal court, related to her past employment with Defendant Board and waives the right

12

to claim the payment of attorneys fees and other additional costs." This first condition is the equivalent of dismissing the case with prejudice, and therefore, is rejected since the default rule is that dismissals under Rule 41(a)(2) be "without prejudice," see Fed. R. Civ. P. 41(a)(2), and defendants have not shown that such a dismissal without prejudice would result in their being plainly prejudiced.

The second condition suggested by defendants is "that if plaintiff files another action, plaintiff shall pay the fees and costs incurred in the re-filed action." Defendants do not cite to any statutory authority that would allow the court to impose such a condition. In addition, such a condition would be difficult to administer because the costs of a future action is entirely speculative depending on the number and type of claims and the court in which the claims are brought. Therefore, the court will instead impose as a condition, in accordance with Rule 41(d), that Watson pay all costs

of this dismissed action if she "files an action based on or including the same claim against the same defendants." Fed. R. Civ. P. 41(d).

***

In sum, the court will grant Watson's motion for voluntary dismissal without prejudice subject to the condition that she pay all costs of this dismissed action if she files a future action based on or including the same claim against one or both defendants.

An appropriate judgment will be entered

DONE, this the 25th day of July, 2008.


_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE